## WILLIAM LONG v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW AND PROCEDURE. *Burglary. Larceny. Husband and wife. Evidence.*

   Upon the trial of an accused for breaking and entering a dwelling house and the larceny of money therein, statements made by a witness to defendant's wife before the breaking to the effect that the owner had money in the house, is inadmissible in the absence of evidence that the statements were communicated to defendant.

2. SAME. *Conservator of the peace. Code 1892, § 1463.*

   A conservator of the peace who, as required by code 1892, § 1463, reduces to writing the substance of the testimony delivered on a preliminary trial before him, should certify the same before delivering the writing to the circuit court, and it is error, but not necessarily reversible error, for him to be permitted to certify it afterwards during the trial of the accused in the circuit court, to be used in that trial.

3. SAME. *Certificate. Requisite of admissibility. Evidence.*

   In order to render admissible in evidence the certificate of a conservator of the peace, made under code 1892, § 1463, requiring him to reduce to writing the substance of the material testimony of all the witnesses examined on the preliminary trial, and to certify and return the proceedings and testimony so taken to the circuit court before its next term, it is essential that he should so certify and return the substance of the testimony of all the witnesses examined before him.

4. SAME. *Witness not examined in circuit court.*

   That part of the return certifying the proceedings and testimony before a conservator of the peace on a preliminary trial made under code 1892, § 1463, which contains the testimony of a witness (alive and within the jurisdiction of the court), is not admissible in evidence on the trial in the circuit court, unless the witness has testified in that court.

5. SAME. *Improper argument.*

On a trial for burglary, remarks of the district attorney, made in argument to the jury, that "defendant's purpose was not alone to commit the crime with which he was charged, but another, the vilest, are improper and prejudicial.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Long, appellant, was indicted, tried and convicted of burglary, breaking and entering a dwelling-house and stealing money therein, and appealed to the supreme court.

The evidence for the state was to the effect that Long entered the house of one Lawson at night. Lawson's daughter, a girl about sixteen years old, testified that she was awakened at night by cold hands on her face, and looking up she saw Long standing by her bed; that she called her father, when Long grabbed her, and told her to hush, that he would kill every one or have all the money on the place; that there was $3.25 in a tin box in the house, and her little brother, who was sleeping in the room, got that and threw it down on the floor, and it was not seen afterwards; that Long threw her down and grabbed her lips; that her little brother ran to the door and said, "Sister, here is papa," when Long turned her loose and ran out. This witness also testified that on the evening before this occurrence she told Mrs. Long, the wife of the defendant, that her father had gotten his pay for some work he had done, and had it at home, in order to go to Memphis on an excursion early the next morning.

The district attorney, in his argument to the jury, made the following remarks, to which defendant excepted, to-wit: "The defendant was in the house on the occasion when his offense was committed not alone for the purpose of committing the crime for which he is indicted, but for the purpose of committing another crime, one of the vilest known." Upon objection interposed by defendant, the court replied that the jury would be correctly charged with reference to the matter.

*McFarland & McFarland* and *George C. Payne*, for appellant.

At the heels of the trial, after the original testimony for the state and that for defendant had been closed, the court, at the instance of the state, permitted the justice of the peace before whom the committal trial was had, over objections of the accused, to amend the papers purporting to show the testimony at that trial, by attaching his certificate and signature thereto, which had been omitted to that time.

Without the signature of the trial justice those papers were wholly inadmissible as evidence, and the parol testimony was competent to prove what they testified to at that time. *Wright* v. *State*, 50 Miss., 332, 335.

It was too late to so amend the papers, even at the commencement of the trial, before the introduction of evidence began. The statute, code 1892, § 1463, require that the justice "shall certify the proceedings and testimony so taken and return them to the . . . circuit court . . . . before its next term."

But the papers were utterly incompetent, even after the certificate and signature of the justice had been attached thereto, for other reasons. They were not written until after the committal trial closed, and did not, therefore, contain the evidence—its substance—but only the recollection of the justice of the substance of the testimony of some of the witnesses.

The failure of the justice to take down the testimony of all the witnesses was fatal, notwithstanding the amendment. The certificate contained the statement of Charles Lawson made before the justice. He was not a witness at all on the trial then progressing in the circuit court. The statement was that he saw the defendant at the house that night. The paper was introduced in rebuttal of testimony for accused, showing contradictions in statements of witnesses for the prosecution in the court below, made at the trial going on and at the committal trial. This dangerous statement of Charles Lawson was not

in rebuttal, therefore, but original testimony. It was fatal error to allow it to go before the jury. *Cunning* v. *State*, 79 Miss., 284.

The testimony of Lilly Lawson for the state relative to the excursion trip of her father to Memphis, and the receipt by him of money from the railroad company in payment for work, over objections was error. It was utterly incompetent. The purpose was to show that the accused had knowledge of these facts, upon the assumption that his wife told him of them.

During his argument counsel for the state said that the purpose of the accused in entering the house that night was to commit rape, or used language to that effect, to which objection was made and the court asked to exclude and prevent its continuance, but the court refused, virtually stating that it was part of the *res festæ* and legitimate. To the language of the court, as well as its ruling, objection was made and exception taken.

It needs no argument here to show how dangerous such an argument was, backed by the approval of the court, and surely it requires no argument to establish its gross impropriety.

*William Williams,* assistant attorney-general for appellee.

The facts in *Cunning's case,* 79 Miss., 284, cited by counsel for appellant, and those in this case, are materially different. In the former "the examination of the witnesses by the magistrate in the committing trial was not signed by the witnesses, was not signed by the magistrate, and was not certified in any way by him, and was not returned to the next term of the circuit court by him." This being such an utter disregard of the statute, the paper was held a nullity. In the present case, the paper is signed by the magistrate and was returned by him to the circuit court, and was certified to before being offered in evidence. The record was introduced in the circuit court, not for the purpose of "bolstering up" any state's witness, but, in rebuttal, to contradict witnesses of appellant whose testimony was,

chiefly, that the state's witnesses testified differently at the committing trial, purporting to state what the testimony of the state's witnesses on that trial, was. To thus contradict appellant's witnesses, that is, to show that the state's witnesses did not testify to what appellant's witnesses said they testified to at the committing trial, it would not have been competent for the state to do so by parol testimony, their testimony having been then and there reduced to writing by the presiding justice, but to do so with the record so taken. *Wright* v. *State,* 50 Miss., 332; *Gilbert* v. *State,* 78 Miss., 300.

WHITFIELD, C. J., delivered the opinion of the court.

The court erred in admitting in evidence the testimony of Lilly Lawson, showing she told Mrs. Long as to her father's getting his pay on purpose to go to Memphis, without proof also that the defendant had knowledge of this. The wife's knowledge is not the husband's knowledge.

It was error to permit the justice of the peace to attach his certificate and signature at the close of the trial. This should be done before the papers are delivered to the circuit court. Since the law makes such an examination, duly taken and certified, the exclusive evidence of the testimony in the committing trial, it is of the last importance that the material provisions of the statute should be strictly complied with. In *Gilbert* v. *State,* 78 Miss., 300 (29 South., 477); *Cunning's case,* 79 Miss., 284 (30 South., 658), and *Steele's case,* 76 Miss., 389 (24 South., 910), we attempted to make clear the law on this subject.

We would not, for this second error alone, reverse this case, however. But it was error to allow the examination, when certified, to be read in evidence, for the reasons that: (*a*) Two witnesses were examined in the committing trial, whose testimony was not taken down at all; and (*b*) the testimony of one witness, which was taken down in the said committing trial, although said witness was not examined as a witness in the cir-

cuit court trial, was nevertheless read to the jury. The learned circuit judge had correctly allowed parol proof of what had been testified to in the committing trial, on the obviously correct ground that the papers sent up by the conservator of the peace, the mayor of Amory, were wholly incompetent. His error was in not adhering to this correct view, and not confining the district attorney to that course.

The observations of the district attorney to the effect that the defendant's purpose was not alone to commit the crime. with which he was charged, but another, the vilest known, was, we are bound to say, highly improper. The statement could have, in this country, but one meaning, and that at once understood; and, when understood, it would almost surely inflame a jury beyond control. The appellant was on trial for burglary, and not rape.

*Reversed and remanded.*