STATE OF MISSOURI, Respondent, v. GILLESPIE, Jr., Appellant.

St. Louis Court of Appeals, February 16, 1904.

1. CRIMINAL LAW: Dramshops: Keeping Open on Sunday: License. In a prosecution against one for keeping a dramshop open on Sunday, it was not necessary for the State to show that the defendant had a license as a dramshop keeper.

2. ——: ——: ——. Where a witness for the State testified that he entered a back room of the defendant's saloon on Sunday, with a companion, that the companion went into the front room and returned in a few minutes with a bottle of whiskey, that he saw, through the opening in the partition, several men standing in front of the bar, but did not see them drinking, that he saw a man standing behind the bar, whom he took to be the defendant, this was sufficient evidence to support a verdict of guilty.

3. ——: ——: ——: Misconduct of Counsel. Where the prosecuting attorney, in his closing argument, used the following language: "They can afford to pay a fifty dollar fine and then go ahead and sell liquor on Sunday, as they will do," and the court refused to reprimand him, it was error and justified a remanding of the case for a new trial.

Appeal from Greene Criminal Court.—*Hon. J. J. Gideon*, Judge.

REVERSED AND REMANDED.

*Hamlin & Mason* for appellant.

State ex rel. v. Scott, 96 Mo. App. 620; State v. Ferguson, 152 Mo. 92; State v. Punshon, 133 Mo. 44; State v. Warford, 106 Mo. 55; State v. Riley, 4 Mo. App. 392.

BLAND, P. J.—Coleman C. Nee and Patrick H. Gillespie, Jr., were, at the July Term, 1902, of the Greene county criminal court, indicted by the

State v. Gillespie.

grand jury for keeping open their dramshop, in the city of Springfield, on the first day of the week, commonly called Sunday. Nee was acquitted but Gillespie was convicted; from his conviction he has appealed to this court. At the close of the State's evidence he asked a peremptory instruction directing the jury to acquit him. The refusal of this instruction is assigned as error.

The evidence for both the State and the defendants shows that Nee and Gillespie kept a dramshop in the city of Springfield. To prove this fact the State was not required, as contended by appellant, in this proceeding to show that they had a license as dramshop keepers, all that was essential to a conviction was to show that they kept a dramshop and kept it open on some Sunday within one year next before the filing of the indictment. To show the fact of keeping open their dramshop on Sunday, the State offered but one witness, M. V. Massey. He testified, in substance, that the building in which the dramshop was kept was seventy-five or eighty feet long; that there was a partition in the building cutting it into two rooms, with an opening in the partition of about six feet; in the front room was the bar. The back room was used as a wareroom. There was an alley back of this building and near the alley in the side of the building was a door which afforded an entrance into the wareroom; that he and one O'Bannion, on a Sunday within the year next before the filing of the indictment, entered the wareroom through this side door; that he halted in the back room but O'Bannion went through the opening into the front room to the bar and returned in a few minutes; that he and O'Bannion then went into the alley and O'Bannion had a bottle of whiskey in his pocket or under his coat, and that each took a drink from the bottle. He further testified that he saw through the opening in the partition, several men standing in front of the bar but did not see them drink-

ing anything and that a man was standing behind the bar whom he took to be and thought was Gillespie. Defendant's own evidence shows that he was at the saloon on the Sunday testified to by Massey, but was there for the purpose of having the saloon cleaned up and not for the purpose of keeping it open and selling liquor, and that he did not sell any liquor on that day. We think the evidence was sufficient to warrant the jury to come to the conclusion that defendant did have the saloon open on the day testified to by Massey and did then and there sell liquor.

The prosecuting attorney, in his closing argument, used the following language: "They can afford to pay a fifty dollar fine and then go ahead and sell liquor on Sunday, as they will do." The attorneys for the defendants objected to said language, and asked the court to reprimand the prosecuting attorney, at the time, and instruct the jury that they should not consider said statement. Which request the court refused to comply with. This language was highly improper, coming from the prosecuting attorney in making his closing argument to the jury. It was his duty to protect as well as prosecute the defendant. The language amounted to an open charge from an officer whose duty it is to ferret out crime, that the defendants were in the habit of keeping open their saloon on Sundays. This language was necessarily prejudicial. The keeping of a saloon is not to be commended, but a saloon keeper is as much entitled to a fair and impartial trial when prosecuted for an alleged violation of the dramshhop act as is the citizen occupying the most exalted position when prosecuted for an alleged misdemeanor.

The judgment is reversed and the cause remanded. *Reyburn* and *Goode JJ.,* concur.