## STATE OF NORTH DAKOTA v. ELMER GUNDERSON.

(144 N. W. 659.)

**Rape — prosecution for — reputation of defendant — reputation of complaining witness — testimony — statements of prosecuting attorney to jury.**

1. In a prosecution for rape where the defendant's previous good reputation is thoroughly established, and where the state relies for a conviction upon the practically uncorroborated testimony of the complaining witness, whose reputation for general morality is seriously questioned, and who herself admits a previous act of sexual intercourse with another person, added to which it is actually shown that she was found lying on a bed with still another man, and in which the testimony of the complaining witness even is in many respects unsatisfactory and inconclusive, and in which the prosecuting attorney states to the jury in his argument, "I do not come here to try a case unless the defendant is guilty," it is *held*, that the interests of justice require a new trial and a resubmission of the case to the jury.

Note.—For authorities on the question of the reversal of a conviction because of unfair or irrelevant argument or statements of facts by prosecuting attorney, see note in 46 L.R.A. 641.

**Prosecuting attorney — statements of, to jury — improper remarks.**

2. It is improper and professionally unethical for the prosecuting attorney to state to the jury in his argument that he would not be before them unless the defendant was guilty.

Opinion filed November·22, 1913.

Appeal from the District Court of Steele County, *Pollock,* **J.**
Defendant was convicted of the crime of rape, and appeals.
Reversed.

*Chas. A. Lyche,* for appellant.

The order of the court excluding persons from the court room during the trial was too restrictive, and it deprived the defendant of a *public trial.* People v. Murray, 89 Mich. 276, 14 L.R.A. 809, 28 Am. St. Rep. 294, 50 N. W. 995, 9 Am. Crim. Rep. 719.

A public trial is one held in the presence of the public, or in a place accessible and open to the public. Black's Law Dict. p. 964.

This is a constitutional right of the defendant. Cooley, Const. Lim. 6th ed. 379; People v. Hartman, 103 Cal. 242, 42 Am. St. Rep. 108, 37 Pac. 153; People v. Yeager, 113 Mich. 228, 71 N. W. 491; State· v. Hensley, 75 Ohio St. 255, 9 L.R.A.(N.S.) 277, 116 Am. St. Rep. 734, 79 N. E. 462, 9 Ann. Cas. 108.

The evidence is wholly insufficient to sustain the verdict. Rev. Codes 1905, § 10080, subdiv. 6; State v. Young, 119 Mo. 495, 24 S. W. 1038; State v. Rhoads, 17 N. D. 579, 118 N. W. 233.

Greater latitude is allowed on motions for new trials on ground of insufficiency of the evidence in criminal cases, than in civil cases. Williams v. State, 85 Ga. 535, 11 S. E. 859; Gibbons v. People, 23 Ill. 518.

Where the evidence, taken together being contradictory, preponderates against the verdict, a new trial should be granted. Fann v. State, 112 Ga. 230, 37 S. E. 378; Reynolds v. State, 24 Ga. 427; Rafferty v. People, 72 Ill. 37; Stout v. State, 78 Ind. 492; State v. Hilton, 22 Iowa, 241; State v. Prendible, 165 Mo. 329, 65 S. W. 559; Territory v. Reuss, 5 Mont. 605, 5 Pac. 885; Crandall v. State, 28 Ohio St. 479; Owens v. State, 35 Tex. 361; Fuller v. Northern P. Elevator Co. 2 N. D. 220, 50 N. W. 359.

The remarks made by the prosecuting attorney in his argument to the jury, where he stated, "I do not come here to try a case unless the defendant is guilty," were improper and prejudicial to defendant, and entitled him to a new trial. People v. Quick, 58 Mich. 321, 25 N. W. 302; Raggio v. People, 135 Ill. 533, 26 N. E. 377; People v. Dane, 59 Mich. 550, 26 N. W. 781; People v. Kahler, 93 Mich. 625, 53 N. W. 826.

The prosecuting attorney cannot make damaging statements about the defendant, when there is no proof to sustain them. Coleman v. State, 87 Ala. 14, 6 So. 290; Hanawalt v. State, 64 Wis. 84, 54 Am. Rep. 588, 24 N. W. 489, 6 Am. Crim. Rep. 65; Brown v. State, 103 Ind. 133, 2 N. E. 296; People v. Mitchell, 62 Cal. 411; State v. Ulrich, 110 Mo. 350, 19 S. W. 656; Stone v. State, 22 Tex. App. 185, 2 S. W. 585.

Prejudicial statements of counsel cannot be cured by general remarks of caution and admonition by the court. State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71; 12 Cyc. 579; Mason v. State, — Tex. Crim. Rep. —, 81 S. W. 718; People v. Payne, 131 Mich. 474, 91 N. W. 739; People v. Smith, 162 N. Y. 520, 56 N. E. 1001; Bradburn v. United States, 3 Ind. Terr. 604, 64 S. W. 550; State v. Dunning, 14 S. D. 316, 85 N. W. 589; State v. Greenleaf, 71 N. H. 606, 54 Atl. 38; State v. Gillespie, 104 Mo. App. 400, 79 S. W. 477; Johnson v. State, 46 Tex. Crim. Rep. 291, 81 S. W. 945; Tyler v. State, 46 Tex. Crim. Rep. 10, 79 S. W. 558; Wilson v. State, 41 Tex. Crim. Rep. 179, 54 S. W. 122; Long v. State, 81 Miss. 448, 33 So. 224; White v. State, 136 Ala. 58, 34 So. 177, 15 Am. Crim. Rep. 696; Chapman v. State, 43 Tex. Crim. Rep. 328, 65 S. W. 1098; State v. Trueman, 34 Mont. 249, 85 Pac. 1024; State v. Rose, 178 Mo. 25, 76 S. W. 1003; Oldham v. Com. 22 Ky. L. Rep. 520, 58 S. W. 418, 13 Am. Crim. Rep. 615; King v. State, 91 Tenn. 617, 20 S. W. 169; Holder v. State, 58 Ark. 473, 25 S. W. 279; People v. Treat, 77 Mich. 348, 43 N. W. 983; State v. Balch, 31 Kan. 465, 2 Pac. 609, 4 Am. Crim. Rep. 516; Sasse v. State, 68 Wis. 530, 32 N. W. 849; People v. Barker, 10 N. Y. Crim. Rep. 112, 17 N. Y. Supp. 16; People v. Evans, 72 Mich. 367, 40 N. W. 473; People v. Ah Len, 92 Cal. 282, 27 Am. St. Rep. 103, 28 Pac. 286; State v. Jones, 21 S. D. 469, 113 N. W. 716.

*J. M. Johnson* and *P. O. Sathre,* State's Attorney, and *John Carmody,* Assistant Attorney General, for respondent.

The order of the court excluding the general public from the trial was in this case highly proper, and the defendant was deprived of none of his rights. Rev. Codes 1905, § 6749; State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71.

BRUCE, J. This is a case where a young man whom the evidence shows to have been of a previously unblemished character and reputation has been convicted of the crime of rape on the practically uncorroborated testimony of a fifteen-year-old girl whose character is shown by her own testimony to have been of the lowest. She freely admits that ever since she had been ten years of age she had attended dances, and that she stayed out at one, testified to in the evidence, till 4 o'clock in the morning; that she drank beer, whisky, and whisky and alcohol punches, and that she had been drunk. She admits that prior to the occasion in controversy she had had sexual intercourse with one man other than the defendant. One witness positively testifies as to having seen her lying on a bed with another man. The evidence shows that she was irregular in her habits, was accustomed to be out at night, and to mingle freely with men. It is a case in which the defendant has denied the charges against him in a clear, straightforward, and emphatic way, and in which the testimony of the complaining witness has in many respects been on the whole inconsistent and vacillating, and in many instances opposed to all human probabilities. It is a case, too, in which the complaining witness, having become the mother of an illegitimate child, would naturally seek to place the parentage upon someone. It is shown that she had attempted to induce the defendant to marry her, and that she preferred him to her previous paramours. In such a case, and one which is supported by really no satisfactory corroborative evidence, counsel for the state said to the jury in his closing argument, "I do not come here to try a case unless the defendant is guilty," and the only notice that was taken by the court of this remark was to be found in the following words: "The court now admonishes the state's attorney that the remark is improper, and suggests that he in no manner refers to his opinions in his further address to the jury." No one who is at all conversant with jury trials can fail to see the possible prejudice of this remark. The scales were hang-

ing in the balance. On one side is the positive denial of the defendant; on the other is the practically uncorroborated testimony of the complaining witness, that testimony even being more or less contradictory and inconclusive. In such a juncture, the state's attorney himself testifies and seeks to force into the issue his own personality and his own standing and influence. He practically tells the jury that the defendant is guilty when he knows that he cannot be cross-examined as to his statement. It is universally held that such remarks are not merely a breach of professional propriety and professional ethics, but constitute legal error. See 12 Cyc. 579, and cases cited. See also State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71; Mason v. State, — Tex. Crim. Rep. —, 81 S. W. 718; People v. Payne, 131 Mich. 474, 91 N. W. 739; People v. Smith, 162 N. Y. 520, 56 N. E. 1001; Bradburn v. United States, 3 Ind. Terr. 604, 64 S. W. 550; State v. Dunning, 14 S. D. 316, 85 N. W. 589; State v. Gillespie, 104 Mo. App: 400, 79 S. W. 477; Johnson v. State, 46 Tex. Crim. Rep. 291, 81 S. W. 945; Tyler v. State, 46 Tex. Crim. Rep. 10, 79 S. W. 558; Wilson v. State, 41 Tex. Crim. Rep. 179, 54 S. W. 122; Long v. State, 81 Miss. 448, 33 So. 224; White v. State, 136 Ala. 58, 34 So. 177, 15 Am. Crim. Rep. 696; Chapman v. State, 43 Tex. Crim. Rep. 328, 96 Am. St. Rep. 874, 65 S. W. 1098; State v. Trueman, 34 Mont. 249, 85 Pac. 1024; State v. Rose, 178 Mo. 25, 76 S. W. 1003; Oldham v. Com. 22 Ky. L. Rep. 520, 58 S. W. 418, 13 Am. Crim. Rep. 615. See also Code of Ethics of American Bar Association, § 15; 1 Bishop, New Crim. Proc. § 293. Some courts, indeed, hold that the error is such as cannot be cured by an instruction or admonition of the court. See King v. State, 91 Tenn. 617, 20 S. W. 169; Holder v. State, 58 Ark. 473, 25 S. W. 279; People v. Bowers, 79 Cal. 415, 21 Pac. 752; People v. Treat, 77 Mich. 348, 43 N. W. 983; State v. Balch, 31 Kan. 465, 2 Pac. 609, 4 Am. Crim. Rep. 516; Sasse v. State, 68 Wis. 530, 32 N. W. 849; People v. Barker, 10 N. Y. Crim. Rep. 112, 17 N. Y. Supp. 16; People v. Evans, 72 Misc. 367, 40 N. W. 473; People v. Ah Len, 92 Cal. 282, 27 Am. St. Rep. 103, 28 Pac. 286; State v. Jones, 21 S. D. 469, 113 N. W. 716. We are not required to express an opinion upon the latter proposition. All we have to say is that the case at bar is one in which the evidence is of such a nature that not a few of the courts of the country would refuse to sustain a verdict of

guilty at all. See 33 Cyc. 1491–i; People v. Tarbox, 115 Cal. 57, 46 Pac. 896; State v. Huff, 161 Mo. 459, 61 S. W. 900, 1104; State v. McMillan, 20 Mont. 407, 51 Pac. 827; Hardtke v. State, 67 Wis. 552, 30 N. W. 723, 7 Am. Crim. Rep. 577; Maxfield v. State, 54 Neb. 44, 74 N. W. 401; Duckworth v. State, 42 Tex. Crim. Rep. 74, 57 S. W. 665. In a close case such as this, the slightest error may be fraught with the most injurious of consequences, and we believe that justice requires that a new trial be had.

The judgment of the District Court is reversed, and the cause remanded for further proceedings according to law.

BURKE, J. I concur in the result, but solely on the ground that the evidence is not sufficient to support a verdict of guilty.