# STATE OF NORTH DAKOTA, Respondent, v. FRANK BUSH-BACKER, Appellant.

(169 N. W. 82.)

**Rape — prosecution for — improper — evidence — admitted without objection — subject matter of — witness cross-examined by defendant — admission of such evidence not error.**

1. Where, in a prosecution for rape, evidence, which might have been excluded had objection been seasonably made, is admitted without objection and the defendant has availed himself of the opportunity to cross-examine the witness touching the matters covered by such evidence, the admission of such testimony is *held* not to be error.

**Rape — defendant seeking to establish his innocence — third person — by implicating — testimony of third person — in denial — admissible.**

2. Where a defendant in a prosecution for rape seeks to establish his innocence by implicating a third person, testimony of such third person, denying his guilt, is admissible.

**Defendant — statements of — to third persons — admissions — admissible.**

3. Certain statements of the defendant to third persons are *held* admissible as amounting to admissions.

**Conduct of defendant — toward other persons — in presence of prosecutrix — admissible as corroborative evidence.**

4. Certain conduct of the defendant manifested towards a person other than the prosecutrix, but in the presence of the prosecutrix, is *held* admissible as a circumstance tending to corroborate the prosecuting witness.

**Statutory rape — elements of — admitted — identity of guilty party — only issue — instructions — "rape in first degree or no crime at all" — not error.**

5. Where every element essential to the commission of the crime of statutory rape in the first degree is admitted, and the only issue is as to the identity of the one guilty of the crime, it is *held* not improper for the court to instruct the jury that the offense committed "is either rape in the first degree or no crime at all."

Opinion filed July 23, 1918. Rehearing denied September 24, 1918.

Appeal from the District Court of Morton County, *J. M. Hanley,* J. Conviction affirmed.

*Frank T. Lembke* (on trial) and *Sullivan & Sullivan* (on appeal), for appellant.

A defendant is rightfully entitled to a fair trial, and the presiding judge should so conduct the trial that this right shall not be impaired. 12 Cyc. 519.

In a rape case, evidence of previous statements made by the prose-cutrix must show that they were voluntarily made, and not made under the influence of pressure or fright. A mere complaint of the existence of a certain condition is not proper evidence, except to show that the crime has been committed. Such evidence must be confined to the bare fact that complaint was made, without going into details. 33 Cyc. 1464; State v. Brener, 16 N. D. 83, 112 N. W. 60.

Statements made in answer to questions, or otherwise involuntarily made, do not constitute such complaint as to be admissible. Such seems to be the settled rule. 33 Cyc. 1468; People v. Wilmot, 139 Cal. 103, 62 Pac. 838; People v. Lambert, 120 Cal. 171, 52 Pac. 307.

"In this class of prosecutions, the defendant, owing to the natural instincts and laudable sentiments on the part of the jury, and the usual circumstances of isolation of the parties involved at the time of the com-mission of the offense, is, as a rule, so disproportionately at the mercy of the prosecutrix's evidence that he should be given the full measure of every legal right." People v. Baldwin, 117 Cal. 251, 49 Pac. 156; 33 Cyc. 1464.

Evidence or declarations of a third person, not made in the presence or hearing of the defendant, are not admissible, either for or against him. 33 Cyc. 1460.

The evidence of the attorney general as to what the prosecutrix or other said to him before the arrest or at any other time was hearsay and inadmissible. 12 Cyc. 405.

Evidence of other like offenses is wholly inadmissible, especially in this class of cases, and more especially when it comes from the testimony of the prosecutrix, as to admissions made by defendant to her. State v. Haakon (N. D.) 129 N. W. 234; State v. La Mount (S. D.) 120 N. W. 1104.

Evidence to impeach on a collateral matter is not admissible. Schanse v. Goetz, 18 N. D. 594, 120 N. W. 553.

In such cases the jury may find defendant guilty of any offense the commission of which is necessarily included in that with which he is on trial, or of an attempt to commit the crime charged. It was there-

fore error to instruct the jury that "it is either rape in the first degree, or no crime at all." Comp. Laws 1913, § 1098; People v. Baldwin (Cal.) 49 Pac. 187; 33 Cyc. 1502.

*William Langer,* Attorney General, *H. A. Bronson* and *D. V. Brennan,* Assistant Attorneys General, and *L. H. Connoly,* State's Attorney, for respondent.

"The general rule is that all objections to the admission or exclusion of evidence, its competency, relevancy, or sufficiency, and as to the competency of witnesses and their examination, must be made in the trial, and cannot be raised for the first time on appeal." 3 C. J. 807; 59 N. W. (S. D.) 224; (N. D.) 126 N. W. 110; (N. D.) 121 N. W. 63; (S. D.) 94 N. W. 587; 3 C. J. 742.

A defendant on trial will not be permitted to sit mute on the trial and listen to questions asked of the witnesses, and to evidence given, without objection, and then, because the answers are against him, complain for the first time on appeal. (Dak.) 29 N. W. 661.

But, however irrelevant, immaterial, or incompetent evidence may be, the right to raise these questions is completely destroyed and waived by the defendant's participation and cross-examination in relation to the same questions and subject-matter. 33 Cyc. 1467, 1468.

Statements made by defendant outside the trial and relating to the identical matter are competent to show. Jones, Ev. §§ 851, 854.

A motion to strike from the record certain testimony is not analagous to nor does it take the place of a proper objection to the evidence, which should have been interposed at the proper time. (S. D.) 61 N. W. 806.

The court fairly and fully cautioned and advised the jury as to defendant's rights, and as to the presumption of innocence. It is not necessary for the court, in charging a jury, to go into and repeatedly mention all these set and fixed rules, with each phase of his charge and on each point to which he refers. Instructions must be considered as a whole. 12 Cyc. 654; (N. D.) 91 N. W. 436; (S. D.) 50 N. W. 625; 17 N. D. 495.

BIRDZELL, J. This is an appeal from the judgment of the district court of Morton county, entered upon the verdict of the jury finding the defendant guilty of the crime of rape in the first degree, and also from an order entered denying a motion for a new trial.

40 N. D.—32.

The information charges the offense to have been committed by the defendant upon one Mary Gartner, a female of the age of thirteen years, on or about the 15th day of March, 1916. A detailed statement of the facts is not necessary to an understanding of the questions involved upon this appeal, and we shall only state such of them as are requisite to an intelligent discussion of the questions raised.

It is conceded by the appellant that the evidence is sufficient to support the verdict of the jury, but in the assignments of error questions are raised relative to the conduct of the trial, from which it is argued that the defendant did not have a fair trial. There are twenty-one assignments of error, most of which relate to the admissibility of evidence. Most of the evidence, the admission of which is assigned as error, was not objected to at the time it was offered. On the contrary, a reading of the record discloses that counsel for the defendant availed himself of the opportunity afforded by the broad range of the examination of the state's witnesses to extend his cross-examination, and that he attempted to impeach the various witnesses upon matters covered by the testimony that is objected to for the first time upon this appeal. Brief reference to some of the testimony will serve to illustrate the lack of merit in the appellant's contention. Assignments 1, 3, 4, 7, and 8 refer to evidence given during the trial, to which no objection whatever was made, and relate to the complaint of the prosecuting witness made to her parents. The complaining witness and her father and mother testified to the circumstances under which she communicated her condition to her parents in connection with which the name of the defendant was used as the person who was responsible therefor. It is contended that the particulars of the complaint (if such it was) are inadmissible; at least, insofar as they might embrace a hearsay statement identifying the defendant as the guilty party. But a reading of the record discloses not only that the defendant denied his guilt, but that, as a part of his defense, he sought to establish the guilt of another person. This was foreshadowed early in the trial by the cross-examination of the prosecuting witness, Mary Gartner, wherein it was attempted to commit her to an accusation against a third party, as the following testimony will amply show:

A. I stated that my father and mother are the first persons I told that the defendant had sexual intercourse with me.

Q. Did you not tell the defendant's wife, Mrs. Bushbacker, sometime before that in the month of August that you were in a family way from —————————— (a person not the defendant)?

A. I did not have anything to do with ————.

Q. Answer my question. Did you not tell Mrs. Bushbacker that you had?

A. No, I did not tell Mrs. Frank Bushbacker that I was afraid that I was in a family way because my monthlies had stopped at that time.

Q. Did you not sometime in the early spring of 1916 have sexual intercourse with ———— on the bed in the dining room where the bed was while your mother and sister were upstairs?

A. Frank Bushbacker, and not ————."

Not having objected to the evidence in chief, and having in this manner taken the benefit of that portion of the testimony wherein the witnesses identified the defendant as the person against whom the prosecutrix made the complaint, the defendant cannot complain now of the evidence on account of its hearsay character. For a similar reason the admission of the testimony of the sheriff and the state's attorney, which went in without objection and which relates to the complaint made to them by the prosecuting witness, in which the name of the defendant was used, cannot be relied upon as error. This disposes of the 9th and 10th assignments of error.

In view of the attempt of the defendant to raise a doubt of his guilt by implicating a third person, the testimony of the third person, denying his guilt, was clearly admissible. This disposes of the 5th and 6th assignments of error.

The 11th and 12th assignments of error relate to statements of the defendant himself: First, to the statement which the prosecuting witness claims defendant made to her concerning his familiarity with others; and, second, the statement by the defendant to one Marcus Helman, to the effect that Gartner, father of the prosecutrix, had said "that the father of Mary's child was ————" (a person not the defendant). These statements were both clearly admissible; the first, for the reason that it was a circumstance tending to show the relations between the de-

fendant and the prosecutrix; and the second, because it is a statement of the defendant himself from which the jury would be warranted in drawing an inference that he was interested in shielding himself at the expense of another. The testimony amounts to an admission.

The 13th assignment relates to the testimony of one Eva Kohler. This witness testified to the conduct of the defendant towards her and the prosecuting witness on an occasion in June, 1916, when she was visiting the latter. According to her testimony, both the defendant and the prosecuting witness were present. The testimony relates wholly to acts of familiarity which would tend, circumstantially, to corroborate the evidence of the prosecuting witness, and was clearly admissible.

The remaining assignments of error requiring consideration relate to the instructions given to the jury. The court, in the course of his charge, said: "It is either rape in the first degree or no crime at all." It is contended that, under the allegations in the information, the jury could have found a verdict convicting the defendant of an attempt to commit rape or of a simple assault and battery or even of a simple assault. It is true that under § 10,890 of the Compiled Laws of 1913, the jury would be authorized, in a case of this character, to find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the information, or of an attempt to commit such an offense; but it does not follow from this that the court is precluded from defining to the jury the elements of the crime with which the defendant is charged in the information. Nor does it follow that the court is precluded from characterizing the offense according to its legal designation. In the case at bar, there can be no doubt whatever that the offense was committed as charged; the age of neither the prosecuting witness nor the defendant was questioned, and a child was born. There is no dispute in the testimony bearing upon any of the elements of the offense. It is wholly a question of the identity of the person who committed the offense.

It is further contended that the court erred in instructing the jury that they might take into consideration the condition of the clothing of the prosecutrix; the complaint to the father and mother, the state's attorney, and the sheriff. There was ample evidence in the record touching these matters, which went in without any objection, to warrant the giving of the instructions complained of. The court did not comment upon

the evidence; but merely told the jury the matters which they might take into consideration in arriving at their verdict.

It is urged upon this appeal that, insofar as evidence was admitted without objection being made, the trial court was remiss in its duty to safeguard the rights of the defendant; but a reading of the record convinces us that the trial judge was in no way remiss in his duty of seeing that the trial was properly conducted. On the contrary, the record shows that the trial judge interceded as far as proprieties would allow in an effort to clear up the question of the identity of the guilty person.

The defendant has had a fair trial, there is no error in the record, and the conviction is affirmed.