STATE OF NORTH DAKOTA, Respondent, v. HIRAM J. STEPP, Appellant.

(178 N. W. 951.)

**Criminal law — district court may rule on motion for new trial after appeal from a conviction.**

1. An appeal from a judgment and a motion for a new trial are independent remedies. A district court has jurisdiction to hear and determine a motion for a new trial in a criminal case made within the statutory time, although an appeal has been taken from the judgment of conviction.

**District and prosecuting attorneys — statute permitting appointment of assistant counsel held not repealed.**

2. Section 3381, Comp. Laws 1913, was not impliedly repealed by chap. 178, Session Laws 1901 (Comp. Laws 1913, § 3376).

**District and prosecuting attorneys — assistant counsel should not be appointed except when necessary properly to represent state.**

3. Pursuant to § 3381, Comp. Laws 1913, the district court may appoint, in its discretion, special counsel to assist the state's attorney in important

cases. This power or discretion, however, should not be exercised where it appears that the officials whose duty it is to prosecute can properly represent the interests of the state.

**Criminal law — cross-examination and argument imputing improper relations between defendant and his present wife before their marriage held ground for new trial.**

4. In a criminal prosecution for statutory rape, where the state, upon cross-examination of the defendant, and also, of his wife, has inquired concerning his relations with his present wife, some sixteen years ago, in Maryland and Virginia, anterior to their marriage, and while the defendant had a former wife, seeking thereby to impute to the defendant improper, if not illegal, relations; and where further, upon argument to the jury, the state, through a private prosecutor, made statements to the effect that the defendant left his first wife and children of tender years and went away with his present wife, before he secured a divorce from the former, it is *held* that such cross-examination, and such statements considered in connection with the findings thereupon by the trial court, constitute prejudicial error, for which a new trial must be granted.

Opinion filed June 16, 1920.

Criminal action for statutory rape in District Court, Cavalier County, *Kneeshaw,* J.

Defendant has appealed from a judgment of conviction and an order denying a new trial.

Reversed and new trial granted.

*J. F. T. O'Connor, Sveinbjorn Johnson, Tudor Owen* and *Henry G. Owen,* for appellant.

Under a law similar to chapter 17, Laws of 1901, the state of Wisconsin held that an unofficial member of the bar may not assist in the prosecution for a fee paid by private persons. Beimel v. State, 71 Wis. 444, 37 N. W. 244; Bird v. State, 77 Wis. 276, 45 N. W. 1126.

It is the policy of the criminal law that the prosecuting attorney have active superintendence of the management of criminal trials. He should see that the trial does not degenerate into a private prosecution or persecution. People v. Blackwell, 27 Cal. 66; Hayner v. People, 72 N. E. 792; Com. v. Knapp, 20 Am. Dec. 534; Com. v. Webster, 52 Am. Dec. 711.

Distinct crimes not connected with that on trial cannot be proved

against the accused to raise a presumption of guilt, on the ground that, being depraved enough to commit one crime, he may therefore be presumed to have committed the crime for which he is being tried. Com. v. Ferrigan, 44 Pa. 386; People v. Sharp, 107 N. Y. 427, 1 Am. St. Rep. 851, 14 N. E. 319, to the same effect.

Ferris v. People, 129 Ill. 521, 16 Am. St. Rep. 283, 4 L.R.A. 582, 21 N. E. 921.

Where, on the trial of a criminal case, counsel for the prosecution is permitted, in the presence of the jury, to state facts not in evidence, imputing a violent character to the accused, and to comment upon them in argument to his prejudice, he is entitled to a new trial. State v. Comstock, 20 Kan. 650; State v. Tutten (N. C.) 42 S. E. 443; Bryson v. State, 20 Tex. App. 566; Jenkins v. State (Fla.) 48 Am. St. Rep. 267; Ship v. Com. (Ky.) 10 L.R.A.(N.S.) 342, 90 S. W. 945.

*G. Grimson,* State's Attorney, *Wm. Langer,* Attorney General, *S. L. Nuchols,* Assistant Attorney General, and *Fred J. Traynor,* Special Assistant State's Attorney, for respondent.

On the question of the competency of evidence as to the birth of the child. 33 Cyc. 1476.

Evidence of other sexual offenses admissible. State v. Rice (N. D.) 168 N. W. 369; State v. Bushbacker (N. D.) 169 N. W. 82.

Extent of cross-examination of witness. State v. Kent, 5 N. D. 516; State v. Malmberg, 14 N. D. 523.

Error waived if no objection made at time evidence offered. State v. Bushbacker (N. D.) 169 N. W. 82.

BRONSON, J. *Statement.*—This is a criminal action for statutory rape. The defendant was found guilty by the jury on June 21, 1919. Three days later, the court sentenced the defendant for two years in the state penitentiary. On June 25, 1919, the defendant appealed therefrom. Later, the defendant made a motion for a new trial, which, on January 9, 1920, was denied. In a memorandum opinion, the trial court strongly intimated that prejudicial error occurred in the course of the trial, but, since the state had contended that the trial court had no jurisdiction to hear the motion for a new trial, although such court was of the opinion that it did, the court had decided to deny the mo-

tion for a new trial. From the order denying such new trial, and also from the sentence, the defendant, on April 1, 1920, appealed to this court.

The substantial facts necessary for the consideration of the specifications of error made by the defendant, are as follows: The information charges the defendant with committing, on February 26, 1917, statutory rape upon one Florence Day. The defendant was then fifty-one years old. He is a married man, having married his present wife in Maryland some sixteen years previous. There are no children as a result of this marriage, but he had children from a former marriage. The defendant had been engaged in operating a livery stable, trading horses and also traveling a stallion. Florence Day, at the time of the alleged crime, was fifteen years old. She is one of several children of Mr. and Mrs. Day, who lived in Sarles, North Dakota, and operated a farm near there. The defendant and his wife were neighbors of the Days. They visited back and forth as neighbors. At times the defendant did some work for the Days on their farm. In accordance with the testimony of the prosecutrix, the defendant in June and July, 1917, on two different occasions, had incomplete sexual intercourse with her. That in February, 1918, the defendant had complete sexual intercourse with her. All of these acts occurred on the kitchen floor in the home of the Days, at Sarles. On November, 1918, the prosecutrix gave birth to a full-grown baby girl. She also testified that she never had any sexual intercourse, either actual or attempted, with any other person excepting the hired man and a boy, Larry Stepp, who was a witness for the defendant. Concerning the incident with the hired man, she testified that on the Day's farm, in June, 1918, he started or made an attempt to have sexual intercourse with her, but no actual sexual intercourse took place. Concerning the act with the boy, the testimony is to the effect that one evening, in December, 1917, on the back porch of her home, an incomplete act of sexual intercourse took place.

On the other hand, Larry Stepp, the nephew of the defendant, testified that he was a schoolmate of the prosecutrix; that when he was sixteen years old he had complete sexual intercourse with the prosecutrix on two different occasions; that one of the acts occurred in the hayloft of a certain barn in Sarles, about the month of February, 1918, and the other act in the fall of 1918, after threshing time, in a

bed at her farm home.  He denied having any act of intercourse with her on the back porch, as testified to by her.

On the part of the state the case was actively prosecuted by a private attorney appointed by order of the court, and designated so to serve without any cost to the county.  During the course of the trial, the state, over the objection of the defendant, propounded questions to the defendant upon cross-examination, the effect and purport of which were to show that the defendant had indecently exposed his person and indecently solicited Mrs. Day, the mother of the prosecutrix, sometime in March, 1918, at the home of the defendant.  The defendant denied such act, although he admitted that Mrs. Day, by reason of her frequently coming there, might have seen him partly undressed.  Likewise, during the trial, the state propounded questions upon cross-examination, to the defendant, and also to his wife, who was a witness, which tended to elicit evidence and to show that years ago, in Maryland and Virginia, before the defendant was divorced from his former wife, he met and went with his present wife, first, in the home and town of his former wife, and, from there, later, to and in another town.  That some of these acts occurred before he secured his divorce from his former wife. From the answers received to such questions, no improper sexual relations were shown between the defendant and his present wife.

During the course of the argument of the private counsel for the state before the jury, he made statements to the effect that the defendant had left his first wife and went away with his present wife; that he left his wife and children of tender years and went off into Maryland, taking with him this woman, who is now his present wife.  That he left with his present wife before he was divorced from his first wife. That she was working at housework, while the defendant was working at blacksmithing, and that at least part of the time they lived in the same house where she worked, and he boarded and roomed there.

*Contentions.*—The state contends that the trial court had no jurisdiction to hear the motion for a new trial, for the reason that the defendant previously had deprived the court of such jurisdiction by appealing from the judgment of conviction to the supreme court.

The defendant has made twenty-five specifications of error.  Those that seriously require the consideration of this court are the specifications which maintain that the trial court erred in appointing and per-

mitting a private attorney to prosecute this criminal action; that it. was error at the trial to permit the introduction of evidence tending to show the commission of a subsequent offense by the defendant of indecent exposure of person and indecent solicitation, and that it was error to permit the introduction of evidence concerning the relations of the defendant with his present wife before their marriage. And further, particularly, that there was prejudicial misconduct of the private prosecutor for the state before the jury in making statements concerning such relations.

*Opinion.*—The defendant made a motion for a new trial within the statutory time allowed therefor. Section 10,902 Comp. Laws 1913, and before the time within which the right to appeal had expired. Comp. Laws 1913, § 10,994. This court has heretofore held that an appeal from a judgment and a motion for a new trial are independent remedies. McCann v. Gilmore, 42 N. D. 119, 172 N. W. 236. We are of the opinion that the trial court had jurisdiction to hear and determine the motion for a new trial as made.

Concerning the right of the private attorney to appear in behalf of the state in this case, the record discloses no objection made anterior to or during the trial on the part of the defendant. The record discloses that the state's attorney stated, in the record at the commencement of the trial, that the private attorney would appear as special counsel to assist in the prosecution. We are satisfied that pursuant to statute, § 3381, Comp. Laws 1913, the trial judge has a discretion in appointing special counsel to assist the state's attorney in important cases. That this discretion exists, although pursuant to § 3376, Comp. Laws 1913, the attorney general, his assistants, and the state's attorneys are denominated the only public prosecutors in all cases, civil and criminal, wherein the state is a party of the action. Laws 1901, chap. 178 (Comp. Laws 1913, § 3376), did not impliedly repeal said § 3381. We find no abuse of discretion in so designating, without objection, under the circumstances of this record, private counsel in behalf of the state. See Fox v. Walley, 13 N. D. 610, 102 N. W. 161.

This power or discretion, however, should not be exercised where it appears that the officials whose duty it is to prosecute can properly represent the interests of the state.

In respect to the questions propounded to the accused upon cross-

examination, concerning the indecent exposure of his person to the mother of the complaining witness, we are not prepared to hold that the trial court erred in permitting such cross-examination. In view of the direct testimony of the accused concerning his sexual desires and the proximity of the specific act upon which the question is pro-pounded to the act of rape charged, such questions may be deemed proper for purposes of testing the credibility of the witness. Such questions, however, may become highly prejudicial to the defendant, and may serve to highly prejudice the jury by their mere suggestions to the defendant upon cross-examination, no matter how he may answer the same. See State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71; State v. Hazlet, 16 N. D. 426, 438, 113 N. W. 374; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; State v. La Mont, 23 S. D. 174, 120 N. W. 1104. See also State v. Bushbacker, 40 N. D. 495, 169 N. W. 82; note in 48 L.R.A. (N.S.) 238.

We are of the opinion, however, that there is error in the record, both with respect to the evidence solicited and adduced concerning the relations of the defendant, many years ago, with his present wife, and with respect to misconduct of the attorney in his comments upon such matter to the jury. The questions as propounded to the defendant in this respect had no bearing upon any issue involved in the case, and only remotely affected his credibility. They could highly serve the purpose of prejudicing the issues involved in the minds of the jury against the defendant. See State v. Mackey, 31 N. D. 200, 215, 153 N. W. 92. The statements made by the private counsel for the state in his argument to the jury may have seriously prejudiced the jury by reason of their conclusions that the defendant was guilty of highly reprehensible, if not of actual, criminal misconduct in such matter. This was entirely foreign to the issue involved in the case, and could serve only the purpose of arousing the prejudice of the jury, and of directing its attention from the real issue involved in the case. See State v. Gunderson, 26 N. D. 294, 144 N. W. 659, Ann. Cas. 1916A, 429; State v. Nyhus, supra. The trial court, in its memorandum opinion, has stated that "in a large measure the probability is that the jury was guided by passion and prejudice by reason of the admission of such evidence and statements of counsel." In view of such error

and the specific holding of the trial court thereupon, we are of the
opinion that a new trial should be awarded.   It is so ordered.

ROBINSON, J. (concurring specially).   In the opinion as written by
Mr. Justice Bronson, I do concur.   This is a rape case.   February
16, 1918, is the date of the alleged offense.   The trial was in June,
1919.   The transcript covers 274 pages, and a large part of it consists
of irrelevant and prejudicial matter.   The prosecution was represented
by Mr. Grimson, state's attorney, Mr. Nuchols, assistant attorney gen-
eral, and Mr. Fred Traynor, special counsel retained by the father.

Florence Day was between fifteen and sixteen years.   She is the
eldest of six children.   From the age of seven she had gone to the vil-
lage school at Sarles, yet, according to her story, she had not heard how
children come into the world, and believed her good mother, who said
the doctor brought them.   Yet she is no simpleton.   She was entirely
competent to go into her father's field and to take charge of the plow
and binder.   Florence, as the special counsel familiarly calls her on
most every page of the long transcript, was far from being malicious
or a bad girl.   She never told on her several lovers, never thought of
blackmailing them; but, according to her own testimony, she was of
rather easy virtue and entirely too familiar with her father's help and
one or two young rascals.   The result was she had a child and learned
how children came into the world.   Then, for the first time, she told
mamma that defendant was the father.   He was a married man of fifty-
three years, and had some property.   The young rascals had nothing,
and so a special counsel was employed to aid in giving defendant a
special prosecution.

There is no claim that by any word or act Miss Florence ever made
the least resistance to any of her lovers.   Her testimony is in some
respects self-impeaching.   Defendant swears positively that all she
says of him is wholly untrue, and that he never took any liberties with
her.   Thus there is a direct conflict of testimony, and there is no cor-
roboration on one side or the other.   Hence, to turn the scales, the
special counsel must have thought it necessary to drag in a lot of
prejudicial matter.   On the record no man can honestly say that the
weight of evidence is against the defendant or that he is guilty beyond
a reasonable doubt.   Furthermore, though counsel has not made the

point, it is by no means certain the information states a public offense. Certainly it does not show a crime committed under subdivisions 2, 3, 4, 5, 6, or 7 of sec. 9563, Compiled Laws, and chap. 201, Laws 1915.
    Reversed.