## STATE OF NORTH DAKOTA, Respondent, v. HIRAM J. STEPP, Appellant.

### (191 N. W. 482.)

**Criminal law — ruling on new trial not disturbed unless discretion abused.**
  1. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and the appellate court will not interfere unless it is shown that such discretion has been abused.

**Criminal law — denial of motion for new trial for newly discovered evidence held not abusive of discretion.**
  2. In this case it is *held* that no abuse of discretion has been shown.

Opinion filed November 25, 1922. Rehearing denied December 28, 1922.

Criminal Law, 16 C. J. § 2708 p. 1182 n. 88: 17 C. J. § 3589 p. 252 n. 17.

Appeal from the District Court of Ramsey County, *Buttz,* J.

Note.—On discretion of trial court as to granting or refusal of motion for new trial on the ground of newly discovered evidence, see 20 R. C. L. 290; 3 R. C. L. Supp. 1051; 4 R. C. L. Supp. 1351; 5 R. C. L. Supp. 1096.

Defendant appeals from an order denying a new trial.

Per Curiam opinion.

*J. F. T. O'Connor* and *C. F. Peterson,* for appellant.

*G. Grimson,* State's Attorney of Cavalier county, and *Fred J. Traynor,* Special Assistant State's Attorney, for respondent.

PER CURIAM. The defendant was convicted of the crime of rape in the first degree in the district court of Ramsey county, on a change of venue from the district court of Cavalier county, and sentenced to two and one-half years' imprisonment in the state penitentiary. After sentence had been imposed he moved for a new trial. The motion was denied and defendant appealed from the judgment and from the order denying a new trial. The order denying the motion for a new trial was set aside and the cause remanded with directions that the trial court hear such motion anew, and, by application of the legal principles stated in the opinion to the facts in the case as presented on such motion, determine whether a new trial should or should not be had. State v. Stepp, 48 N. D. 566, 185 N. W. 812. In conformity with that decision the motion for a new trial was reargued before the district court and after due consideration the motion was denied. On the former appeal, this court considered and determined adversely to the defendant all questions there presented with the single exception of whether the trial court erred in denying defendant's motion for a new trial on the ground of newly discovered evidence. This was based upon certain alleged newly discovered evidence relating to the credibility of one Mrs. Manning and the truthfulness of the story which she had told upon the trial. On the former appeal this court was unable to review the ruling of the trial court on this question for the reason that the record did not disclose that the trial court had exercised the judgment which the law requires it to exercise when a motion for a new trial is asked on such ground. In other words, as was said in the former opinion: "The language utilized by the trial judge in the record transmitted to us on this appeal is such that we have some difficulty in understanding exactly what conclusions he did reach so far as the facts are concerned. And it is his judgment, his conclusions as to what the facts are, which in the first instance largely, if not wholly, determine whether a new trial shall or shall not be had. The discretionary power with

which trial courts are vested in ruling on motions for a new trial on the ground of newly discovered evidence is primarily applicable to a determination of the facts. The facts being determined, the applicable legal principles readily determine whether a new trial should or should not be had."

In considering the rules applicable in the district court to a determination of the motion this court said: "The rules governing the consideration of motions for a new trial on the ground of newly discovered evidence have been formulated to aid in the administration of justice, and to prevent a miscarriage of justice. Hence, where it is shown to the satisfaction of the trial court that since the trial at which he was convicted, a defendant has discovered certain new and material evidence, which he could not with reasonable diligence have discovered and produced at the trial; and the newly discovered evidence is of such probative force and character that, if considered with all the evidence adduced at the trial, it is likely to raise in the minds of reasonable men a reasonable doubt as to the guilt of the defendant, that is that such newly discovered evidence is likely to produce a different result upon another trial of the action—then it is the duty of the trial court, however unpleasant that duty may be, to grant a new trial. . . ."

"In the certificate of probable cause certain language is used, which seems to imply that the trial judge believed that the conviction of the defendant was due, largely if not wholly, to the testimony of the witness Mrs. Manning. He was not justified in denying the motion for a new trial here merely because he was of the opinion that there was substantial evidence tending to support the verdict. If he was of the opinion that the proposed evidence was newly discovered, and could not with reasonable diligence have been discovered and produced by the defendant upon the trial of the action; and if he further was of the opinion that the newly discovered evidence probably would, and ought to, bring about a different result upon another trial—in other words, if the trial judge was of the belief that the new evidence was of such character that, considered in connection with the evidence adduced upon the trial, it would be likely to create in the minds of reasonable men a reasonable doubt as to defendant's guilt—then he should have granted a new trial. *Or to state the concrete proposition as it appears in this case, it is our opinion that if the trial court was of the belief that the defendant would*

*not have been convicted except for the testimony given by Mrs. Man-ning, then he should have granted the motion for a new trial."*

The record before us on this appeal shows that after the case had been remanded, the motion for a new trial was fully argued before the trial court. It is also apparent that the trial court gave the matter careful consideration. He prepared and filed a memorandum decision, from which it appears that he exercised the judgment which the law requires that he exercise when a motion for a new trial is made on the ground of newly discovered evidence. The trial judge reached the conclusion that the motion for a new trial should be denied, and he stated that in his opinion defendant had had a fair trial and that it is not likely that a retrial would result in a different verdict.

In our opinion the determination of the trial court must be sustained. Upon the record here we cannot say that that determination is erroneous.

Affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON and BRONSON, JJ., concur.

GRACE, J., dissenting. This is a criminal action in which the defendant, by an information, was charged with the crime of statutory rape. On this charge he was tried in the district court of Cavalier county, and on June 21st, 1919, by the verdict of a jury was found guilty and was sentenced to a term of two years in the state penitentiary. On June 25th, 1919, he appealed from the judgment of conviction. He subsequently made a motion for a new trial, which was denied on January 9th, 1920. On April 1st, 1920, an appeal was perfected to this court from this order. In that appeal the state contended that the trial court had no jurisdiction to hear the motion for a new trial on the ground that the defendant having previously appealed from the judgment of conviction, the court had no jurisdiction to hear the motion for a new trial.

The court, however, following the decision of McCann v. Gilmore, 42 N. D. 119, 172 N. W. 236, held that the appeal from a judgment and a motion for a new trial are independent remedies. See State v. Stepp, 45 N. D. 516, 178 N. W. 951. This court in the decision in that appeal in an opinion prepared by Mr. Justice Bronson, and con-

curred in by the other members of the court, held that the defendant was entitled to a new trial, by reason of errors in the record, with reference to the reception at the trial of certain prejudicial evidence, and on the further ground of certain prejudicial misconduct on the part of the special counsel for the state.

The case having been remanded to Cavalier county, where the crime was alleged to have occurred, for a new trial, the defendant thereupon made a motion for a change of venue, which was granted, and the case sent to the district court of Ramsey county for trial. There the case was again tried, and again the defendant was found guilty by a verdict of the jury. By the district court of that county, he was sentenced to the penitentiary for a period of two and one-half years. After sentence had been imposed, he appealed from the judgment of conviction and from the order denying a new trial.

On the appeal, several errors were assigned. The principal ones were:

1. That the court erred in appointing and permitting Fred J. Traynor to act as assistant attorney in the prosecution of the case, over the objection of the defendant.

2. That the conviction should be set aside for the reason that the defendant did not enter any plea to the information before the commencement of the trial, and was not afforded an opportunity to do so.

3. That the trial court erred in denying defendant's motion for a new trial on the ground of newly discovered evidence.

The first two of these were decided adversely to defendant. As to the third, the majority of the court were in doubt whether the trial court abused its discretion in denying defendant's motion for a new trial. In an opinion written by Mr. Justice Christianson, the majority concurring, it was held that the order denying a motion for a new trial should be set aside and the cause remanded with directions that the trial court hear such motion anew, and, by application of the principles announced in the opinion, again determine whether a new trial should or should not be had, while two of the judges held that the case should be remanded for a new trial. The case was remanded and the motion for a new trial considered anew by the trial judge, who again made an order denying it. The defendant appealed from that order. The matter has been orally argued and submitted to this court.

The only question presented is whether the court erred in denying

the motion, that is, did the court abuse its discretion in making the order, in view of the character of the newly discovered evidence offered in support of the motion. It is our opinion it did. The newly discovered evidence is of such a character as to challenge the truthfulness of certain evidence and statements of witness, Mrs. Manning, which were made at the last trial. She was the state's most important witness and her evidence is very material and of great strength, if true. At the trial her reputation for truth and veracity was to some extent challenged by the testimony of certain of defendant's witnesses, and if there were no newly discovered evidence affecting that testimony in this respect, the verdict of the jury against the defendant, we think, would have warranted this court in affirming the order of the trial court in denying a new trial, it being well understood, as a matter of law, that the jury is to judge the weight of the testimony and the credibility of the witness. There is newly discovered evidence, however, which if assumed to be true, is of such a character as to give rise to grave doubt as to whether certain very material testimony given by Mrs. Manning was in fact true.

In order that a clear comprehension of her testimony in this important respect may be had and the vital effect of it understood, it will be necessary briefly to refer to it. She was not a witness for the state at the first trial; she was introduced as a witness for the state at the second trial only. The information charges the defendant with committing statutory rape upon one, Florence Day, on February 26th, 1917. Mrs. Manning in substance testified, that she came to the home of the complaining witness at about the time that the crime was committed with which defendant is charged. She claimed that she knocked at the door but that there was no response; that she then entered the house, opened the kitchen door, and saw defendant and the complaining witness in a compromising position on the floor. It is not difficult to understand that her testimony is exceedingly important. If she saw what she claimed to have seen, such evidence was direct and not circumstantial, hence, its convincing character, if true. It is very frequently an arduous task to successfully challenge the veracity of a witness who has given material and important testimony, however, in an action or proceeding in court where it is attempted, there are certain adopted methods which are intended to bring about this result. It is not necessary to mention

all of these; it is sufficient to say that one of the principal ones is to show that the witness made an important statement or admission at a different time and place, with reference to a material issue in the case, that was different to that made under oath by the same witness at the time the testimony was given in court.

In considering the question now presented, that is, of newly discovered evidence, which it is claimed shows that important evidence of Mrs. Manning was not true, the place where she claimed to have seen the act committed becomes material. She in effect testified she saw the act committed in the kitchen. If it were shown that subsequent to the trial she made a statement in substance, that she saw the act committed in the dining room, it would be an important circumstance tending to show that her statement to the effect that the act occurred in the kitchen was not true. If she saw the act committed in the kitchen as she claimed she did, or which amounts to practically the same thing if she saw the parties on the floor in a compromising position, it would seem that she could not at another time truthfully describe it as having been committed at any other place; having testified to what she saw in the kitchen, then at a time subsequent to the trial having described the same occurrence as having taken place at a different location, the discrepancy is material and of such a nature as might give rise to grave doubt as to whether her testimony given at the trial was true.

Mrs. George K. Anderson made an affidavit in support of the motion for a new trial. Without setting it out at length, it is sufficient to say that in substance it states that she was one of the witnesses at the trial; that sometime after the trial and while on a train she was approached by Mrs. Manning, who was also a witness at the same trial; that the latter left her seat in the car and came over to the seat where the affiant was, and asked if she was the lady that was at the hearing of the Stepp and Day trial. Affiant said that she was; that Mrs. Manning said that she went to the Day home in Sarles village and when she got there, rapped several times at the front door and got no response; that she then opened it and went in at the door that leads to the kitchen and thought she would bounce in and scare the children as she often did when she went to the Day home; that when she got to the kitchen there was no one there, so she went to the dining room door and saw Hiram Stepp and Florence Day on the floor in the dining room; that affiant knowing that Mrs.

Manning had testified at the trial that she saw Florence Day and Hiram Stepp in the kitchen, and so that there would be no misunderstanding asked Mrs. Manning again if this act happened in the dining room, and Mrs. Manning said yes; that the conversation with Mrs. Manning was entirely at her invitation and request. The place of the commission of the crime is immaterial here except the discrepancy above referred to has a manifest tendency to show that Mrs. Manning did not tell the truth, where she testified as above stated. If the defendant actually committed the act in either the kitchen or the dining room, he would be guilty. That, however, is not the question with which we are dealing. Here we are dealing with the question of whether or not there is newly discovered evidence, which is sufficient to give rise to considerable doubt as to the truth and veracity of certain important and material evidence given by Mrs. Manning in the respect mentioned. There can be no doubt that Mrs. Manning was the most important witness. The trial court in its certificate of probable cause stated the following: "If her testimony was believed by the jury, this was the strongest testimony the state had, and one of the jurymen so expressed himself to me."

To the same effect is the affidavit of Mr. O'Connor, one of the attorneys for the defendant. Then there is another affidavit which states that on a certain occasion mentioned in the affidavit, that Mrs. Manning said to the affiant when the affiant's husband was standing not far distant, the following: "I don't believe Hiram Stepp is guilty, do you?" All of these various statements relative to statements made by Mrs. Manning are sufficient, we think, to give rise to serious doubt as to the truth of her testimony.

Notwithstanding the fact that the trial court has twice denied defendant's motion for a new trial, after a thorough consideration of the record on this appeal for the purpose of determining whether the trial court failed to exercise a legal discretion in making the order here appealed from, denying defendant's motion for a new trial, we are agreed that there was an abuse of such discretion, and for this reason the case should be remanded for another trial.

ROBINSON, J. (dissenting). In this case and in every other case where the judges are divided and stand three against two, there is a possibility that the majority may be right, and also that it may be wrong. At very most the chances are not more than three to two in favor of

the majority opinion. But in this case, one thing is certain: It is really a shame and a reproach to the administration of justice to send anyone to state's prison for two years where two justices of the supreme court do certify that he has not had a fair trial.