Russell Martin was convicted of the crime of rape in the first degree in the district court of Sargent county. He appeals to this court from an order of the district court overruling his motion for a new trial. The information charged the act of intercourse to have taken place on or about the first day of October, 1924 in Sargent county with one Agnes Pearson, an unmarried female under the age of eighteen years, to wit, fifteen years, the defendant being at the time more than twenty-four years of age. The statute penalizing the offense defines it as rape in the first degree where the guilty person is twenty-four years of age or over (§ 9566 of the Supplement to the Compiled Laws of 1913), the female being under the statutory age of consent, namely, eighteen years. Upon the trial Agnes Pearson testified that she had lived in Stirum; that her father was a drayman both while living in Stirum and at Gwinner; that she had known the defendant for about five years; that he had helped her father on the dray; that he had kept company with her both at Stirum and Gwinner; that she had gone out riding with him both alone and in company with others; that on or about October 1, 1924, he took her riding in an automobile; that they went about two and one-half miles southwest of Gwinner where the act in question took place. She testified to other acts of intercourse with the defendant, but the state elected to stand upon the act above mentioned. Although she testified to one of *Page 843 
the usual indications of pregnancy following the month of October and to consulting a physician twice as to her condition, she further testified that she did not know that she was pregnant until August 1, 1925, when a child was born. The defendant took the stand in his own behalf and stated that he had never had intercourse with the complaining witness.
On this appeal error is predicated upon the asking of certain leading questions. The complaining witness was asked whether the defendant had sexual intercourse with her and whether the defendant was the father of her child. While these questions are of course leading in form, it is difficult to see how any prejudice could have resulted to the defendant owing to the fact that the witness elsewhere testified that she had never had intercourse with any other person.
Error is also predicated upon her testimony concerning the age of the defendant. On direct examination she stated that she knew his age, and upon cross-examination, in answer to further questions asked by the court, it appeared that she had learned his age from her parents. The mother of the complaining witness testified that she knew the age of the defendant and testified to the date of his birth; and the defendant himself, while testifying in his own behalf, gave no testimony as to his age. In this state of the record it can readily be conceded that the testimony of the girl as to the age of the defendant should have been stricken yet it does not vitiate the verdict, for the testimony clearly appears to have been based entirely upon information acquired from her parents, and when her mother testified as of her own knowledge there was no attempt to lessen the effect of her evidence upon this point by cross-examination or otherwise.
Error is further predicated upon testimony by the complaining witness to the effect that when she went with her mother to see the doctor in March the doctor had told her there wasn't anything wrong. The objection was that the testimony was hearsay. In ruling on the objection the trial court stated that the evidence was competent for such bearing as it might have upon the weight to be given to her testimony that she did not realize that she was pregnant. There is also a specification predicated upon similar evidence elicited from the mother of the complaining witness. The fact of pregnancy is not disputed. The vital issue in the case is not pregnancy but intercourse. Both the girl and her mother testified to the absence of physical appearances that *Page 844 
generally accompany pregnancy and to the absence of knowledge of that condition until the birth of the child. This is extraordinary and, unexplained by the doctor's findings, it would be all the more extraordinary in view of the fact that a physician was twice consulted. The evidence was not upon a vital issue and was offered on redirect examination to explain an extraordinary condition of continued ignorance which had been brought out on cross-examination. Its admission was not error.
It is argued that the court erred in not charging the jury that, if they found the defendant was under the age of twenty-four years, their verdict should be that he was guilty of rape in the second degree. There is no merit in this contention. There was no testimony offered at the trial tending to prove that the defendant was not over the age of twenty-four years, and there was no request for a charge covering an offense of a minor degree. Under the charge given it was made plain to the jury that it was their duty to find the defendant guilty of rape in the first degree or to find him not guilty of any offense. A written charge had been waived and at the conclusion of the charge the court specifically asked the defendant's attorney if he had forgotten to charge upon any essential matter, to which inquiry a negative answer was made. The defendant therefore elected to take the benefit of an instruction which was more favorable to him, if the jury should believe that he was under twenty-four years of age, than he was entitled to. Under the instruction given the burden was properly placed upon the state of proving beyond a reasonable doubt that the defendant was over the age of twenty-four years.
The argument that the venue is not proven is equally without merit. There is affirmative testimony by the complaining witness that the act took place two and one-half or three miles southwest of Gwinner. Both the trial court and this court are warranted in taking judicial notice of the fact that Gwinner is within Sargent county and that a point two and one-half or three miles southwest of Gwinner is likewise in Sargent county. Comp. Laws 1913, § 7938, ¶ 14. Furthermore, the trial court instructed the jury on the question of location, as well as the other elements of the offense, so that the verdict is an affirmative finding that the act took place in Sargent county.
The order appealed from is affirmed. *Page 845 
CHRISTIANSON, Ch. J., and NUESSLE and BURKE, JJ., and BERRY, Dist. J., concur.
BURR, J., did not participate; Honorable H.L. BERRY, Judge of the Sixth Judicial District, sitting in his stead.