# STATE OF NORTH DAKOTA, Respondent, v. JOE KACZOR, Appellant.

(214 N. W. 800.)

**Indictment and information — complaint before magistrate — information may charge second offense.**

1. An information charging the crime of engaging in the liquor traffic as a second offense, may be filed in the district court under § 10,629 Comp. Laws 1913, even though it was not alleged in the complaint before the committing magistrate, that the crime was a second offense.

**Venue — application for change of venue — discretion of trial court.**

2. An application for a change of venue is addressed to the discretion of the trial court and the ruling of the court thereon will not be disturbed on appeal in the absence of a showing that the appellant was prejudiced thereby.

**Criminal law — sales of intoxicating liquors — cross examination of defendant.**

3. In a prosecution for the crime of engaging in the liquor traffic, it is competent to prove sales of intoxicating liquors, as such evidence tends to prove that the defendant was engaged in the liquor traffic, and it is likewise, competent to interrogate the defendant on cross-examination on the subject of sales, and the keeping of intoxicating liquors on his premises.

Opinion filed July 9, 1927.

Criminal Law, 16 C. J. § 306 p. 204 n. 59; § 1142 p. 592 n. 41 New; § 1175 p. 606 n. 46; 17 C. J. § 3577 p. 232 n. 77; § 3700 p. 345 n. 42. Indictments and Informations, 31 C. J. § 146 p. 635 n. 45.

Appeal from the District Court of Mountrail County, North Dakota, *Lowe, J.*

Affirmed.

*Paul Campbell,* for appellant.

*C. N. Cottingham,* State's Attorney, for respondent.

BURKE, J. At the July, 1926, term of court in Mountrail county, the defendant was convicted of the crime of engaging in the liquor traffic as a second offense, and thereafter, on the denial of a motion in arrest of judgment the defendant appeals to this court, specifying as errors,

first, that the defendant had no preliminary hearing on the charge upon which he was tried; second, that the court erred in denying defendant's application for a change of venue; third, error in permitting the endorsement of the name of a witness on the information, and permitting him to testify; fourth, in admitting testimony of transactions involving separate and distinct offenses other than the offense with which the defendant was charged and on trial; fifth, the court erred in permitting the state's attorney to inquire as to other offenses; sixth, the court erred in stating in the presence of the jury "That it is none of the jurors' business what the punishment is, and they shouldn't talk about it;" seventh, the court erred in refusing to give certain instructions requested by the defendant, and also, the instructions that were given; eighth, the court erred in denying motion in arrest of judgment—all of which will be considered in the order named.

The precise question involved in the first specification was before this court in the case of State v. Rozum, 8 N. D. 548, 80 N. W. 477, and it was decided adversely to appellant's contention. In that case the court held "that in this state an accused has only such right to a preliminary examination as is given by statute, and that under the statute, the accused may be informed against for any crime covered by the transaction set forth in the complaint, or necessarily connected therewith, or of which the accused knew he must be guilty, if guilty of the matter charged in the complaint." See State v. O'Neal, 19 N. D. 426, 124 N. W. 68.

In the case at bar, if the appellant was guilty of the offense charged in the complaint before the magistrate, he necessarily knew that it was a second offense, for he had previously pleaded guilty to an information charging the same offense. It follows, as a matter of course, that it was not necessary to allege in the complaint before the magistrate that it was for second offense, it being sufficient to allege and prove it at the trial.

The second assignment of error relates to the application of the appellant for a change of venue. The application was made on the unsupported affidavit of the defendant, upon the ground that the people of Mountrail county are so prejudiced against defendant, and of the offense of which he is accused, that he cannot have a fair trial, and that it is impossible to obtain a jury in the county, that has not formed

an opinion of the guilt or the innocence of the defendant, and that for other existing causes the defendant would probably be deprived of a fair and impartial trial. As facts it is alleged that the defendant had been involved in difficulties, had been charged with the commission of criminal offenses which were either dismissed, or upon which he had been tried and acquitted, that it had been rumored about Mountrail county that the defendant had been mixed up in liquor traffic, and had maintained in the district court of said county, an action against the officers of said county for damages for illegal searches and false arrests, and that at the present term of this court there was tried an action in which he was plaintiff against a former sheriff and deputy sheriff and former state's attorney of said county for damages, for illegal searches and false arrest, etc.; that in attendance at said trial was a large audience who together with the present jurors of the panel listened to and heard the said trial and the evidence introduced, including evidence offered and an attack upon the character and reputation of defendant and his wife. It will be observed that the first part of the affidavit relating to criminal offenses, instituted against the defendant, were either dismissed, or upon trial, there was an acquittal, and are favorable to the defendant. The statements in the affidavit of the actions brought by the defendant against the ex-sheriff, deputy and the ex-state's attorney for false arrest, illegal searches, etc., do not show how the defendant was prejudiced, and in fact there is nothing in the affidavit showing how the cases terminated, or in what way the defendant was prejudiced by reason of the trial of said cases at that particular term of court. The presiding judge at said term, who heard the trials, likewise, denied the application for a change of venue, and we cannot tell from this record that his action in denying the application was an abuse of discretion.

The defendant was charged and was convicted of the crime of engaging in the liquor traffic. In the case of State v. Gordon, 32 N. D. 31, 155 N. W. 59, Ann. Cas. 1918A, 442, this court said: "Where a person is charged with the offense of unlawfully keeping intoxicating liquors for sale, evidence of sales is admissible as a circumstance tending to prove the crime charged." In the case of State v. Frost, 160 Minn. 317, 200 N. W. 295, the Minnesota court held: "In a prosecution for unlawful selling, the state may prove that the defendant made other

sales at about the same time as the one for which he was [being] tried." In the case of State v. Vanderpool, 195 Iowa, 43, 191 N. W. 357, the Iowa court held, in a prosecution under the statute defining "Bootlegger," that the gist of the offense is to keep or carry on the person intoxicating liquors with intent to sell, and to prove such intent it is competent to prove actual sales and as large a number of them as possible. Under these authorities it was competent for the state to show other sales for the purpose of showing that the defendant was engaged in the liquor traffic. Evidence of one sale might be sufficient to prove that the defendant was engaged in the liquor traffic, but the gist of the action is the traffic in intoxicating liquors, and hence, it is competent to prove any number of sales for the purpose of showing that the defendant was. engaged in such traffic, and there was no error in receiving testimony.

Since the defendant was charged with engaging in the liquor traffic, and went upon the stand in his own behalf, it was competent for the state's attorney on cross-examination to inquire into the business that the defendant conducted, and as to whether, or not, he kept intoxicating liquors in his barn and made other sales. All of such testimony tended to show that defendant was actually engaged in the liquor traffic.

The statement of the court as specified in the sixth assignment of error, viz., "that it is none of the jurors' business what the punishment is, and they shouldn't talk about it," might better have been couched in different language, and was perhaps altogether unnecessary; nevertheless, it is a statement of the law, and we cannot say that it was prejudicial.

The eighth assignment relates to the instructions requested by the appellant and the instructions given. We have carefully read the instructions given, and the instructions refused, and are of the opinion that the assignments are without merit.

The judgment is affirmed.

Birdzell, Ch. J., and Burr, Christianson, and Nuessle, JJ., concur.