# STATE OF NORTH DAKOTA, Respondent, v. H. G. MURBACH, Appellant.

(215 N. W. 552.)

**Indictment and information — attempt to commit rape — assault with intent to commit a felony.**

1. A conviction for an attempt to commit a crime as defined by §§ 10,337 and 10,338, Comp. Laws 1913, is not vulnerable to attack on the ground that the information on which the trial was had also charges an assault with intent to commit a felony as defined by § 9532, Comp. Laws 1913.

**Criminal law — instructions generally cover elements of offense — specific instructions.**

2. Where on the trial of a criminal cause the instructions to the jury cover generally the elements of the offense and the issues raised on the trial, the defendant cannot complain because the elements of the offense are not specifically defined in the absence of a request for such instructions.

**Criminal law — omission to instruct as to lesser and included offenses.**

3. On the trial of a criminal cause the omission of the court to instruct as to lesser and included offenses does not constitute error in the absence of a request for such instructions.

**New trial — newly discovered evidence — rests largely in discretion of trial court — not disturbed except for abuse.**

4. Whether a new trial shall be granted on the ground of newly discovered evidence is a matter which rests largely in the discretion of the trial court, and its action with respect thereto will not be disturbed except in case of abuse. *Held,* for reasons stated in the opinion, that there was no abuse of discretion in the instant case in denying defendant's motion for a new trial on the ground of newly discovered evidence.

**Conviction — sustained by evidence.**

5. The record examined and *held,* for reasons stated in the opinion, that the evidence is sufficient to sustain the verdict of the jury as returned.

---

Annotation.— (2)    On necessity of request for more specific instructions, see 14 R. C. L. 796; 3 R. C. L. Supp. 288; 4 R. C. L. Supp. 920; 5 R. C. L. Supp. 778; 6 R. C. L. Supp. 832.

(4) Application for new trial addressed to discretion of trial court, see 20 R. C. L. 227; 3 R. C. L. Supp. 1046; 4 R. C. L. Supp. 1347; 5 R. C. L. Supp. 1091; 6 R. C. L. Supp. 1199.

Opinion filed October 13, 1927.

Criminal Law, 16 C. J. § 91 p. 112 n. 2; § 2451 p. 1024 n. 80; § 2498 p. 1057 n. 24; § 2708 p. 1182 n. 88; § 2727 p. 1199 n. 56; § 2730 p. 1206 n. 95; 17 C. J. § 3589 p. 248 n. 3. Indictments and Informations, 31 C. J. § 484 p. 855 n. 53; § 498 p. 859 n. 15, 24 New; § 503 p. 860 n. 49 New. Rape, 33 Cyc. p. 1430 n. 14; p. 1446 n. 49; p. 1453 n. 14 New; p. 1487 n. 26; p. 1493 n. 71.

Appeal from the District Court of McLean County, *Coffey,* J.

From a judgment of conviction for an attempt to commit rape and from an order denying his motion for a new trial, the defendant appeals.

Affirmed.

*Williams & Lindell,* for appellant.

"In most jurisdictions defendant indicted for rape or assault with intent to rape may be convicted for that offense or any less offense embraced therein, and the court should so charge the jury; but as a rule if the evidence shows that defendant was guilty of the higher offense or nothing, the court should not instruct as to the less offense." 33 Cyc. 1503.

"As a general rule it is the duty of the trial court to instruct the jury distinctly and precisely upon the law of the case, even though the jury are authorized to determine the law as well as the facts." 16 C. J. 962.

"A simple assault is necessarily a part of the aggravated assault." State v. March, 3 N. D. 532, 58 N. W. 25.

"Likewise the aggravated assault and battery with a sharp and dangerous weapon includes within it the smaller and constituent offense of assault and battery." State v. Climie, 12 N. D. 33, 94 N. W. 574.

"The instructions must contain a definition or an explanation of the crime charged, in precise and accurate language, setting forth the essential elements thereof." 16 C. J. 968.

"The charge to the jury must include every element of the offense. If not defined in the language used it must set forth the essential constituents of the offense to which the charge relates." 19 N. D. 131, 22 L.R.A.(N.S.) 666, 122 N. W. 330.

"An indictment charging assault with intent to commit rape will not sustain a conviction for attempt to rape." Miller v. State, 206 S. W. 524.

"Solicitation of sexual intercourse with intent to enforce the demand, if necessary, by violence, does not render one guilty of assault to rape if no effort is made to carry out the intent, but the solicitor flees upon prospect of resistance." State v. Sanders (S. C.) 42 L.R.A.(N.S.) 424, 75 S. E. 702.

"This court does not hold with some that, as a matter of law, rape cannot be established by the uncorroborated testimony of the sufferer, but in common with all courts recognizes that without such corroboration her testimony must be clear and convincing." State v. Rhoades, 17 N. D. 579, 118 N. W. 233.

*S. L. Nuchols,* Assistant Attorney General, and *R. L. Fraser,* State's Attorney, for respondent.

"Failure to instruct on a particular phase of evidence is not prejudicial error in the absence of a request for such instruction." State v. Marty, 52 N. D. 478, 203 N. W. 679.

"Error which does not lead the jury to return an erroneous verdict is not ground for reversal." State v. Gates, 52 N. D. 659, 204 N. W. 350.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its action is conclusive on the appellate court unless it appears affirmatively that the discretion vested in the trial court has been abused. State v. Reilly, 25 N. D. 339, 141 N. W. 720; State v. Stepp, 48 N. D. 566, 185 N. W. 812.

NUESSLE, J. At the November, 1926, term of court for McLean county, the state's attorney filed an information charging that the defendant Murbach ". . . did commit the crime of attempt to commit rape, which said crime was committed as follows, to wit: That at the said time and place the said defendant, H. G. Murbach, did wilfully, unlawfully and feloniously make an assault upon one (naming the prosecutrix), a woman, then and there being not the wife of the said Murbach, with the intent then and there to violently, forcibly and against her will, and by overcoming her resistance, wilfully, unlawfully and feloniously, ravish and carnally knew her, the said——; this contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of North Dakota."

The defendant was duly arraigned on the charge as made and entered a plea of not guilty thereto. Trial was had to a jury which returned a verdict finding the defendant " guilty of the crime of attempt to commit rape as charged in the information." Thereafter the defendant moved for a new trial on the grounds : that the verdict was contrary to law ; that the court had erred in its instructions to the jury ; newly discovered evidence ; and that the evidence was insufficient to sustain the verdict as returned. This motion was denied and judgment was entered on the verdict. Thereupon the defendant perfected the instant appeal from the order denying his motion for a new trial and from the judgment of conviction.

The statute, § 10,337, Comp. Laws 1913, provides : "An act done with intent to commit a crime and tending but failing to effect its commission, is an attempt to commit that crime. Any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was perpetrated by such person in pursuance of such attempt, unless the court, in its discretion, discharges the jury and directs such person to be prosecuted for such crime."

Section 10,338, Comp. Laws 1913, provides : "Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime but fails, or is prevented or intercepted in the perpertation thereof, is punishable, when no provision is made by law for the punishment of such attempt, as follows : (Prescribing the punishment.)"

Section 10,890, Comp. Laws 1913, provides : "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the information or indictment, or of an attempt to commit that offense."

It seems clear to us that the information in the instant case was drawn pursuant to the provisions of §§ 10,337, and 10,338, supra, and was intended to charge an attempt to commit rape. The case was tried on the theory that the information was so drawn. The instructions were given on that theory. When the defendant was arraigned and entered his plea of not guilty, he also apparently viewed the charge as made against him in the same light. At no time during the trial did he intimate that he had any other idea or theory of the case. Neither

did he challenge the sufficiency of the information by objection, motion, or request. At the conclusion of the whole case he moved for a directed verdict on the ground "that the state had not proven facts sufficient to constitute the crime of attempt to commit rape."

Now, however, the defendant contends that the allegations set out and contained in the information do not constitute a sufficient charge of an attempt to commit rape, but amount to a charge of assault with intent to commit a felony, to wit: rape, as defined by § 9532, Comp. Laws 1913. Pursuant to this contention defendant complains that the court erred in instructing the jury that the crime, with which the defendant was charged in the information, was that of an attempt to commit rape, and that the verdict as returned by the jury is contrary to law and cannot stand.

We are unable to agree with the defendant in these respects. It is to be noted that the information names the offense, which it purports to charge, as an attempt to commit a rape and then sets forth the manner in which the attempt was made. Though it be true (we do not pass upon the question) that the charge also constitutes a good charge of assault with intent to commit a felony, to wit: rape, as the defendant contends, nevertheless that fact does not destroy its efficacy as a charge of an attempt to commit rape. The crime of rape may be committed in various ways. See the statute, § 9563, Comp. Laws 1913. And every person who attempts to commit a rape in any of these several ways, and in such attempt does any act toward such commission but fails or is prevented or intercepted in the perpetration thereof, is punishable under the provisions of the statutes heretofore quoted. So here the information charges an attempt on the part of the defendant to commit rape by force. Certainly it charges an assault upon the person of the complaining witness with the intent and design to commit the crime. This is sufficient under these statutes. The defendant in support of his position cites and relies upon the case of Miller v. State, 84 Tex. Crim. Rep. 168, 206 S. W. 524, wherein it was held that "an indictment charging assault with intent to commit rape will not sustain a conviction for attempt to rape." An examination of this case, however, discloses that it turns upon a statute which provides that "if it appear on an indictment for rape that the offense, though not committed, was attempted by the use of either force, threats, or

fraud, but not such as to bring the offense within the definition of an assault with intent to commit rape, the jury may find the defendant guilty of an attempt to commit rape." See in this connection McAdoo v. State, 35 Tex. Crim. Rep. 603, 60 Am. St. Rep. 61, 34 S. W. 955; Warren v. State, 38 Tex. Crim. Rep. 152, 41 S. W. 635.

The defendant also assigns error on account of the instructions given because as he contends the elements of the crime of attempt to commit rape were not defined to the jury, and because the court omitted to instruct the jury as to the lesser included offenses of assault and battery and simple assault.

The defendant submitted no requests to the trial court that the jury be particularly instructed as to the various elements going to make up the crime of attempt to commit rape. Certain requests touching other matters were submitted and were given in substance and effect as submitted. While the trial court did not define particularly all the elements of the offense of attempt to commit rape, nevertheless the jury were charged generally respecting the same and could not have failed to clearly comprehend every essential matter that the state had the burden of establishing in order to warrant a verdict of guilty of the offense charged. The trial court defined the crime of rape by force and told the jury that the defendant was charged with attempting to perpetrate this crime upon the prosecutrix. He further instructed the jury that the question for determination was as to whether or not the defendant had made an assault upon the prosecutrix with intent to commit the crime of rape by force upon her; that even though he did lay hands upon her, if he did this without the intention in his mind to accomplish an act of intercourse with her without her consent and notwithstanding any resistance she might offer, he could not be found guilty of an attempt to commit the crime of rape; that before he could be found guilty of the charge as made the jury must find that the defendant so acted in overcoming the resistance of the prosecutrix and in committing some assault upon her as to show an intention, coupled with force exercised to commit a rape upon her. The court further instructed the jury that if whatever was done by the defendant was done merely for the purpose of inducing her to consent to an act of intercourse, such would not constitute an attempt to commit rape. Considering the whole charge together the jury must have understood

therefrom that before they could find the defendant guilty of an attempt to commit rape as charged in the information they must find that the defendant exercised force upon the person of the prosecutrix with the intention of overcoming any resistance she might offer in order to accomplish an act of sexual intercourse with her regardless of her lack of consent. As he made no request for more specific instructions the defendant cannot now complain of the charge as given. State v. Glass, 29 N. D. 620, 151 N. W. 229, and cases cited; State v. Haynes, 7 N. D. 353, 75 N. W. 267.

The defendant also assigns error because the trial court did not instruct the jury as to lesser and included offenses of assault and battery and simple assault. Though it be conceded that the court might properly have instructed the jury as to these lesser and included offenses, nevertheless there was no error because this was not done in the instant case. The defendant made no request for such instructions and, therefore, is in no position to complain because the court omitted to give them. The defendant insists that under the statute, § 10,890, supra, the trial court was under the duty to so instruct without request. While some of the authorities hold that failure to instruct as to lesser and included offenses constitutes reversible error even in the absence of a request to do so, nevertheless there are many cases to the contrary. In the cases heretofore decided in this court, in some respects touching the point now raised, we have inclined to the rule that there is no error by reason of the omission of such instructions in the absence of a request. See State v. Woods, 24 N. D. 156, 139 N. W. 321; State v. Martin, 54 N. D. 840, 211 N. W. 585. In the latter case we held that where a written charge was waived by the defendant there was no error on account of the court's omission to instruct on minor degrees of the same offense in the absence of a request to do so. We there said that this omission was favorable rather than unfavorable to the defendant. In the instant case the jury were charged that the state must establish not only that the defendant did some act tending but failing to effect the commission of the crime of rape, but also that such act was done with intent to commit that crime and unless the state established such intent the verdict must be for the defendant. So the instruction was more favorable to the defendant than he was entitled to have had if the jury had found that he committed the acts

charged without the intent essential to the major crime. The supreme court of the state of South Dakota, under statutes substantially the same as our own, has held to the same effect. See State v. Vierck, 23 S. D. 166, 139 Am. St. Rep. 1040, 120 N. W. 1098; State v. Horn, 21 S. D. 237, 111 N. W. 552; State v. Kapelino, 20 S. D. 591, 108 N. W. 335. As is said in the case of State v. Vierck, supra: "This rule requiring a request by the accused for an instruction submitting to the jury the question of guilt or innocence of an included offense gives the accused the option to take his chance of a clear acquittal of the higher offense, rather than a possible conviction of the lesser included offense through a compromise verdict. This rule cannot prejudice the accused, because it gives him the right, by a proper request, to have the lesser offense considered by the jury if he thinks it may reduce his chance of a conviction of the higher offense. It is therefore quite favorable to the accused."

With his motion for a new trial and as a ground therefor the defendant submitted a showing as to newly discovered evidence, which with the exercise of reasonable diligence he had not been able to discover and present at the time of the trial. Affidavits of several proposed witnesses were submitted. The alleged newly discovered evidence relied upon touched on the question of alibi. The state controverted the showing as thus made by the defendant. At the trial alibi was the principal ground of defense. The prosecutrix and various witnesses for the state testified positively as to the identity of the defendant. The testimony of the defendant was in direct contradiction. He produced several witnesses tending to support his theory of the case. The alleged newly discovered evidence tended to amplify the testimony offered at the trial to the effect that the defendant was not and could not have been at the place where the crime charged was committed at the time of its commission. On the other hand, the showing of the state tended to substantiate the testimony offered at the time of the trial that the defendant was present at the time and place of the commission of the crime.

The alleged newly discovered evidence is more or less cumulative. In any event, whether or not a new trial shall be granted on the ground of newly discovered evidence is a matter which rests largely in the discretion of the trial court, and his action with respect thereto will

not be disturbed except in case of abuse. The question is whether or not if the newly discovered evidence had been produced a different verdict would probably have resulted. The trial court in the instant case in his memorandum opinion stated that in his judgment there would have been no different result had the newly discovered evidence now relied upon been produced upon the trial. He was present at the trial. He saw and heard the witnesses who testified. He was conversant with the evidence that was offered. The showing is not such as to satisfy us that his judgment is subject to challenge and that there was an abuse of discretion on his part in denying the motion. See State v. Kerns, 50 N. D. 927, 198 N. W. 698, and cases cited; State v. Stepp, 48 N. D. 566, 185 N. W. 812; State v. Stepp, 49 N. D. 376, 191 N. W. 482; State v. Cray, 31 N. D. 67, 153 N. W. 425.

Lastly, the defendant contends that the evidence is not sufficient to sustain the verdict. Now the testimony as to the facts (other than as to the identity of the perpetrator) out of which this charge grows is undisputed and substantially establishes the following: The prosecutrix was a school teacher teaching a country school. She was unacquainted with the defendant. On the day of the commission of the crime charged in this case she had dismissed school. The children had gone home and she was engaged in sweeping the school room. Someone rapped at the door. She opened it and was confronted by the defendant. He asked her some questions as to some other schools in the neighborhood. Then he came in and seized hold of her. He said he wanted a kiss. She struggled to get away from him but was unable to do so. In the struggle she reached the other end of the school room. She tried to hit him with the broom but he took it from her. She attempted to strike him with her fists. He held her hands. She screamed. He put his hand over her mouth. She continued to struggle and finally got back to the door again. She then grasped the door casing. He pulled her away and put her on a desk. He did not attempt to disturb her clothing but tried to and did work one of his legs in between hers. He then said he wanted to have sexual intercourse with her. She told him that someone would soon be coming after her. He said "maybe," desisted, and at once left.

The defendant insists that even though the evidence establishes these facts, nevertheless it is insufficient to sustain the verdict of guilty of

an attempt to commit rape. His contention is that no act of intercourse was consummated; that even though defendant did these things the most that can be said was that he was merely exerting his powers of persuasion; that such physical force as he used was used in an attempt to get the prosecutrix to consent to have intercourse with him; that there was never at any time any intention in his mind to have intercourse without her consent and that, therefore, there never was any intent on his part to commit rape. Thus the defendant's argument concedes the assault but denies the intention essential to constitute the crime charged. But if the jury believed the testimony of the prosecutrix, and it was uncontradicted, they may well have believed and found that the essential intent existed in the mind of the person who assaulted her. It cannot be reasonably urged that what was done might not well be considered to evidence an intention to have intercourse with the prosecutrix regardless of her resistance and lack of consent. And it was the function of the jury to pass upon and weigh the evidence. The fact that the act of intercourse was not consummated, though the perpetrator had it in his power to consummate it, can make no difference now. That was a matter for the jury. If the intention was at any time in his mind and he acted with the purpose of carrying out this intention, it can make no difference that later and before he had accomplished his purpose he changed his mind, because of fear, exhaustion, or for any other reason. So we must hold the evidence to be sufficient to warrant the jury in returning the verdict.

The order and judgment from which this appeal was taken must therefore be affirmed.

BIRDZELL, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.