[File No. 80, Cr.]

## STATE OF NORTH DAKOTA, Respondent, v. ED OLSON, Appellant.

(240 N. W. 617.)

Opinion filed February 1, 1932.

*Sad & Duffy,* for appellant.

*James Morris*, Attorney General, and *Roy A. Ployhar*, State's Attorney, for respondent.

BIRDZELL, J. An information was filed against the defendant charging that:

"On the 29th day of November, A. D. 1930, in the County of Barnes, State of North Dakota, one Ed Olson, late of the County of Barnes, and State of North Dakota, did commit the crime of possessing and selling intoxicating liquor, committed in the manner following, to-wit:

"That at said time and place the said defendant, Ed Olson, did wilfully and unlawfully possess and sell intoxicating liquor to be used as a beverage; this contrary to the statutes in such case made and provided, and against the peace and dignity of the State of North Dakota."

The defendant was convicted and appeals from the judgment. The contentions on appeal are that the court erred in denying the defendant's motion that the state be compelled to elect and that there is not sufficient proof of the venue of the offense.

Upon the trial it appeared that the defendant was the owner of a pool hall which he conducted in the basement of the Kindred Hotel Block in Valley City, under that portion occupied by the Strauss Clothing Company. On the 29th day of November, 1930, Burt Lippold, a federal enforcement officer, in company with local police officers, entered the pool room, inquired for the defendant who was absent and

in his absence served upon one Joe Provinchia, an employee, a search warrant and conducted a search. The search resulted in the finding of two half-pint bottles of alcohol, one partly filled. The latter was found under a bar over which soft drinks were customarily sold. The other was found in a sort of a cupboard back of the bar. The defendant was later arrested, waived preliminary hearing before a magistrate, was bound over to the district court and tried on the above information. Upon the trial, following the opening statement by the state's attorney in which some reference had apparently been made to the intention of the state to prove that a sale of liquor had been made prior to the date of the search, the defendant's attorney moved that the state be required to elect upon which of the two offenses named in the information the state would proceed. The court denied the motion, construing the information as alleging but one crime but suggesting that at the close of the evidence, if it should appear otherwise, the motion might be renewed. It was renewed and again denied. The evidence upon the trial, in addition to showing the finding of the liquor on the 29th of November, tended to show that one Tracy, some five days before, had purchased a half pint of alcoholic liquor in this place of business from the defendant. In instructing the jury the court read the statute (§ 10,145b3, Supplement to the Compiled Laws of 1913) defining the offense of engaging in the liquor traffic, also another section defining intoxicating liquor, and one (§ 10,145b4) prohibiting the manufacture, sale, barter, transporting, importing, exporting, delivering, furnishing or possessing of any intoxicating liquor. He charged that possession alone of intoxicating liquor that was fit for beverage purposes or intended for beverage purposes was a violation of the statute and that the matter of selling was also an offense but that it was not necessary to show that a sale had been made; that if it appeared that a sale had been made it was simply additional evidence. He concluded that portion of the charge dealing with the definition of the crime and with the evidence to establish it by saying: "Now, on the whole evidence in this case, gentlemen, it is for you to say whether the defendant has been proven guilty by the state, to your satisfaction, beyond a reasonable doubt, of having possession of liquor at the time and place mentioned in the information." Under the construction of the information by the court during the trial and under the charge

given, we are of the opinion that the defendant was tried only for the offense of illegally possessing liquor and that members of the jury could not reasonably have based their verdict upon the sale some days before.

The information is not well drawn to charge the statutory offense of engaging in the liquor traffic. It should have been alleged that the defendant did commit the crime of engaging in the liquor traffic "committed in the manner following, to-wit" (followed by the description contained in the information in question). It would then have been proper to have shown both possession and sale or sales. See State v. Kaczor, 55 N. D. 511, 214 N. W. 800. But the information in question does allege the offense of illegal possession and it was apparently so construed by the trial court. In proof of this offense evidence may properly be introduced showing sales made a short time prior to the date of the alleged possession as a circumstance tending to prove the unlawful keeping or possessing. See State v. Gordon, 32 N. D. 31, 43, 155 N. W. 59, Ann. Cas. 1918A, 442; Borok v. Birmingham, 191 Ala. 75, 67 So. 389, Ann. Cas. 1916C, 1061; Simmons v. People, 70 Colo. 262, 199 Pac. 416; Hans v. State, 50 Neb. 150, 69 N. W. 838; Hill v. State, 3 Okla. Crim. Rep. 686, 109 Pac. 291; 16 C. J. 606; 33 C. J. 760. We are of the opinion that the defendant was not prejudiced by the failure of the court to require the state to elect.

The contention that the venue was not sufficiently proved is of no merit. True, no witness was asked directly as to whether the liquor which was seized under the warrant was seized in Barnes County in the State of North Dakota, but the record is replete with evidence showing the exact location of the defendant's place of business in Valley City, and any court in North Dakota would be required to take judicial notice of the fact that Valley City is in Barnes county, North Dakota. Comp. Laws 1913, § 7938, ¶ 14; State v. Martin, 54 N. D. 840, 211 N. W. 585.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.