[Cr. File No. 118.]

STATE OF NORTH DAKOTA, Respondent, v. IRA STODDARD, Appellant.

(257 N. W. 479.)

Opinion filed November 28, 1934.

*Nestos, Herigstad & Stenersen,* for appellant.

*P. O. Sathre,* Attorney General, and *Robert W. Palda,* State's Attorney, for respondent.

CHRISTIANSON, J. The defendant was convicted in the district court of Ward County of the crime of engaging in the liquor traffic. He moved for a new trial. The motion was denied and he appeals from the judgment of conviction and from the order denying a new trial.

The errors assigned divide themselves into two basic classes: (1) The denial of a challenge to the jury panel; and (2) rulings in the admission (and submission to the jury) of certain evidence which, it is asserted, related to the commission of an alleged offense other than that for which the defendant was on trial. These propositions will be considered in the order stated.

(1) At the opening of the trial and before any juror had been called the defendant moved that the jury panel be quashed on the ground that the board of county commissioners of Ward county had apportioned seventy-four as the number of names to be selected from the city of Minot of the two hundred persons to be placed upon the jury list, under § 817, Comp. Laws 1913; that the proper officers of the city of Minot, thereafter, conformable to law, did select and certify the names of twenty-three persons to be placed upon the jury list so as to bring the number of names on the jury list from the city of Minot up to the prescribed number; but that the trial judge entered an order to the effect that the names had not been selected in the manner prescribed by the law and that, consequently, the list should be returned to the city auditor with the direction that the names be selected according to law; that, consequently, at the time the panel of the jury then in attendance was drawn the jury box did not contain seventy-four names from the city of Minot but contained only fifty-one names. The trial court denied the motion to quash and error is predicated on this ruling.

The assignment of error is not well founded. There is no contention that there was any fraudulent or wrongful purpose in excluding from the jury box the names of any prospective jurors from the city of Minot. There is no showing that any prejudice resulted to the defendant. Reduced to its last analysis the contention of the appellant is that his challenge to the panel should have been sustained because there were not two hundred names in the jury box and that the jury box, instead of containing the full number of seventy-four names allotted to the city of Minot, contained only fifty-one names, owing to the fact that the trial judge had ruled that the twenty-three names certified had not been

chosen in the manner prescribed by law. The record does not disclose that there was any difficulty in obtaining a fair and impartial trial jury. It does disclose that the defendant did not exercise all of his peremptory challenges.

The facts established here do not constitute a ground for challenge to the panel.

"A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn." Comp. Laws 1913, § 10,792.
Furthermore, in the circumstances disclosed here there is no basis for assigning error in the selection or drawing of the jury panel.

"It is ordinarily held that, if a competent jury is obtained without exhausting the peremptory challenges of the objecting party, he cannot avail himself of any error or irregularity in the summoning or selection of the jury, or in the action of the court in refusing to sustain a challenge to the array, or motion to quash the venire, or in excusing or not excusing jurors, or rejecting and discharging jurors of its own motion for insufficient cause." 35 C. J. 372.

(2) The information in this case charged:

"That heretofore, to-wit: On the 21st day of May in the year of our Lord, One Thousand Nine Hundred and Thirty-two, at the County of Ward, in said State of North Dakota, one Ira Stoddard late of said County of Ward and State aforesaid, did commit the crime of engaging in the Liquor Traffic committed as follows, to-wit:

"That at the said time and place the said Ira Stoddard, did wilfully, unlawfully, within the State of North Dakota manufacture, sell, barter, transport, import, deliver, furnish and possess intoxicating liquor, to-wit, alcohol, beer, and whiskey."

The sheriff of Ward county testified that on the evening of May 21, 1932, he, together with two federal prohibition agents, went to the defendant's residence in the city of Minot, made a search and found therein eight cases of beer, three gallons of alcohol, thirteen gallons of moonshine, and four quarts and one pint of Canadian whiskey. The defendant was not there at the time the search was made and the liquor seized. Thereafter one of the federal prohibition agents testified that that same evening, prior to the search at defendant's residence, the de-

fendant had been apprehended while driving his automobile in another part of the city; that the defendant's car was searched and a can of alcohol found therein and that he (the prohibition agent) thereupon arrested the defendant and delivered him into the custody of the sheriff.

At the close of the state's case the defendant made the following motion: "That the State be required to elect whether or not it wishes to stand upon the evidence showing an alleged possession of intoxicating liquor in the premises known as 319 Second Street Northwest in the City of Minot, or an alleged possession of intoxicating liquor in an automobile in the City of Minot before the Eagle Laundry, a different time than the alleged evidence showing possession in the premises at Second Street Northwest."

The motion was granted and the State elected to stand upon the charge that the defendant was in possession of liquor at his residence. The defendant thereupon moved that the testimony relating to the finding of liquor in defendant's car be stricken out. The motion was denied. Later the defendant requested the following instructions:

"The defendant respectfully requests the Court to give the following instructions: In this case there has been evidence introduced on the part of the State tending to show the possession of liquor in two different places. Upon motion of the defendant the State was required to elect as to which possession they would stand on, and the State, thereupon, elected to stand on the evidence showing the possession of liquor at 319 Second Street Northwest in the City of Minot, so before you can find the defendant guilty in this case, you must find from the evidence, beyond a reasonable doubt, that the defendant had intoxicating liquor in his possession at 319 Second Street Northwest in the City of Minot, North Dakota."

The requested instruction was refused. Among others, the court gave the following instructions:

"The defendant in this case is charged with the crime of engaging in the liquor traffic. I charge you that if the jury should find beyond a reasonable doubt that the defendant did, within this county and state, on or about the 21st day of May, 1932, have intoxicating liquor in his possession, it would be your duty to find the defendant guilty, otherwise it would be your duty to find the defendant not guilty. . . .

"Some testimony has been offered in this case tending to show the

defendant committed the crime of possessing intoxicating liquor, the same evening at another place than alleged by the state. I charge you that you cannot consider this evidence for any purpose other than as the same may be so connected by circumstances with the particular crime in issue, as that the proof of the possession of liquor in his automobile may tend to show the defendant guilty of the crime with which he is charged."

Defendant contends that the trial court erred in refusing to strike the testimony relating to the finding of intoxicating liquor in defendant's car; also in refusing to give the requested instruction and in giving the instructions last above quoted. These several contentions are predicated upon the proposition that the possession of liquor in the automobile constituted a separate and distinct offense from that of possession of liquor by defendant in his home.

The appellant cites and relies upon the decision of this court in State v. Sievert, 56 N. D. 678, 218 N. W. 871. In that case the defendant was charged with the crime of maintaining a common nuisance. Evidence was admitted tending to show that the defendant maintained two separate and distinct places where intoxicating liquors were unlawfully kept for sale and sold. In that case the evidence related to two separate and distinct offenses, as the maintenance of each of the places constituted a separate crime, and the conviction or acquittal of maintaining a common nuisance in one place would not constitute a bar to a prosecution for maintaining a common nuisance in the other place. The defendant here is not charged with maintaining a common nuisance. He is charged with engaging in the liquor traffic. The statute which creates this offense defines it as follows:

"Any person who shall within this State, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor, shall be guilty of the crime of engaging in the liquor traffic." Laws 1923, chap. 268, § 1B; 1925 Supplement, § 10,145b3.

The crime of engaging in the liquor traffic involves elements quite different from that of maintaining a common nuisance. Where a person is charged with maintaining a common nuisance the place where it is charged the nuisance is being maintained is a material ingredient and if the defendant maintains a common nuisance in each of two separate places it, of course, involves two separate offenses. So, also, where a

person is charged with making a specific sale of intoxicating liquor the offense charged is the making of that specific sale. Engaging in the liquor traffic is a comprehensive term. According to the statute a person may engage in the liquor traffic by manufacturing, selling, bartering, transporting, importing, exporting, delivering, furnishing or possessing any intoxicating liquor in this state, that is, a person who does any one or all of these acts engages in the liquor traffic. So a person who maintains a still for the manufacture of intoxicating liquors, vehicles for the transportation thereof, a warehouse in which to store them, and a place in which to sell them, is engaging in the liquor traffic by doing any or all of these illegal acts. If any error was committed in this case it was error in favor of the defendant and not against him. The state should not have been required to elect which of the two particular instances of possession of intoxicating liquor it intended to rely upon for a conviction. If the defendant unlawfully possessed intoxicating liquor in his residence, and transported liquor in his automobile each act was merely a part of engaging in the traffic which the statute inhibits.

This precise question was considered by this court in State v. Kaczor, 55 N. D. 511, 214 N. W. 800, and in State v. Olson, 61 N. D. 699, 240 N. W. 617.

In State v. Kaczor, supra, the defendant was charged with engaging in the liquor traffic. Evidence of several sales was admitted. In that case as here it was claimed that this constituted proof of other offenses than the one for which defendant was on trial. In disposing of that contention this court said:

"Evidence of one sale might be sufficient to prove that the defendant was engaged in the liquor traffic, but the gist of the action is the traffic in intoxicating liquors, and hence, it is competent to prove any number of sales for the purpose of showing that the defendant was engaged in such traffic, and there was no error in receiving testimony.

"Since the defendant was charged with engaging in the liquor traffic, and went upon the stand in his own behalf, it was competent for the state's attorney on cross-examination to inquire into the business that the defendant conducted, and as to whether, or not, he kept intoxicating liquors in his barn and made other sales. All of such testimony tended

to show that defendant was actually engaged in the liquor traffic." (55 N. D. 514.)

In State v. Olson, supra, the information did not charge that the defendant was engaged in the liquor traffic, but charged that he illegally possessed liquor. Evidence of sales was admitted and error was predicated on the admission of such evidence. In disposing of that contention this court said:

"The information is not well drawn to charge the statutory offense of engaging in the liquor traffic. It should have been alleged that the defendant did commit the crime of engaging in the liquor traffic 'committed in the manner following, to-wit' (followed by the description contained in the information in question). *It would then have been proper to have shown both possession and sale or sales.* . . . But the information in question does allege the offense of illegal possession and it was apparently so construed by the trial court. In proof of this offense evidence may properly be introduced showing sales made a short time prior to the date of the alleged possession as a circumstance tending to prove the unlawful keeping or possessing. . . . We are of the opinion that the defendant was not prejudiced by the failure of the court to require the state to elect." (61 N. D. 702.)

This disposes of the questions presented for determination on this appeal.

It follows from what has been said that the judgment and order appealed from must be and they are affirmed.

BURR, Ch. J., and MOELLRING, NUESSLE and BURKE, JJ., concur.